## SNODGRASS v. RICKETTS *et als.*

UPON plaintiff's statement of his case, the Court intimates that, conceding the facts, he cannot recover, and the plaintiff then offers to prove his allegations; whereupon defendant admits they could be proved, and demurs to the evidence. *Held:* that this is not a demurrer to the evidence. It is rather deciding the case on the demurrer, or as on demurrer to the complaint, or as on motion for nonsuit.

If one man makes a bargain with another for land, the latter claiming the title and the right to sell it, and this is done in the presence and at the instigation of a third party who has the title, the third is estopped from setting up the title as against the purchaser, and all persons in privity with such third person are likewise estopped, unless they are purchasers for valuable consideration, without notice.

All the title which a vendor of land has at the time of his deed passes to the vendee, as against volunteers or donees, even though the deed, under which the vendor holds, be unrecorded.

APPEAL from the Sixth District.

*Horace Smith* for Appellant.

I. "Demurrer to evidence is abolished by the code of practice. (1 Whitaker's Practice, 735.)

II. Should this judgment be reversed, then Appellant is entitled to final relief without any further trial. A demurrer to evidence, unlike one to a complaint, is an admission of all the

facts averred, not for a particular purpose, but for all the purposes of the case. The facts themselves, and not merely the statement thereof, are admitted, and that for all purposes.

*Heydenfeldt,* on the same side.

*C. A. Johnson,* for Respondent, Seymour. 1st. Did Snodgrass purchase with notice of the defendant Margaret Seymour's title? If he did, that ends the case. 2d. If he did not purchase with such notice, still he is remediless in a Court of Equity, in the present form of the action. The title deeds were all duly recorded long anterior to the plaintiff's purchase. The defendant, Klees, is not the plaintiff's vendor or grantor, but stands in the position of a third party, and the plaintiff, as against her pre-existing paper title, purchased and took with notice. (Wood's Dig. Art. 369.) Again, a vendor of real property, much less a third party, like Mrs. Seymour, in this suit, when the title is a matter of public record, cannot be guilty of fraud, either actual or constructive, in reference to title. (*Woodman* v. *Freeman,* 12 Shep. 25 Maine, 531; *Fisher* v. *Boody et al.* 1 Curtis Cir. Court, 206.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This case, when it came on for trial, was, after the plaintiff's statement of his case, summarily disposed of by the Court, by its intimation that, conceding the plaintiff's statement to be true—that is, that he could establish the facts stated in the bill—he was not entitled to recover. We do not consider this a demurrer to the evidence. It was rather deciding the case on the demurrer, or as on demurrer to the complaint, or as on a motion for a nonsuit. We mention this for the purpose of saying that if we remand the case on the ground of error in the judgment below, it will be sent back for a new trial.

It is only necessary to look into the bill to see whether the plaintiff has any cause of action; for if he has, and could have introduced *any* legal proof to sustain the complaint, he was entitled to do so.

The bill states that in January, 1859, at request of defendant, Ricketts, and defendant, Margaret Seymour, (then Kleas,) the

plaintiff contracted with and purchased from Ricketts a third of a lot in Sacramento City for one thousand eight hundred dollars, and Ricketts executed a deed accordingly. Before and at the time of this purchase of Margaret and Ricketts, they declared to him, in the presence of each other, that Ricketts was the owner of one-third and Margaret of the other two-thirds of this lot, and plaintiff acted and paid his money on this assurance; that, before this, one Gardner had levied an attachment for some four hundred dollars, due by note made by these defendants, on this property, and got judgment; that this judgment was a lien upon this property at the time the plaintiff bought from Ricketts, and plaintiff afterwards, at the request of these defendants, paid it off. This was a part of the consideration money paid by plaintiff to Rickets for the property. Bill avers further, that in November, 1853, these defendants made a note to —— —— for one thousand dollars, at six months, five per cent. per month interest, and a mortgage was executed to secure this debt on this property; on this, plaintiff paid five hundred and fifty dollars, as a part of the price of the land; and that the balance of this one thousand eight hundred dollars, due by plaintiff, was paid by him to Ricketts, and divided between him and Margaret. The bill proceeds to state that in January, 1856, plaintiff caused, for the first time, a search to be made of the records for this lot, and then first discovered that Ricketts and Margaret Seymour had "no regular title," from John A. Sutter or his grantees, to the east half of this lot; but the title to this lot was in one Mumford; that Ricketts had only an undivided one-half interest in the east half of the west half of said lot, and that the title to the east half of Lot Number One, and the west half of Lot Number Two, and this undivided half interest in the east half of the west half of Lot Number Two, was in Margaret; that prior to plaintiff's purchase, the said Margaret had made a deed to Ricketts for the same; that the deed was not recorded, and after the purchase, redelivered to Margaret fraudulently, and then by them destroyed; that Margaret, after the plaintiff's purchase and payment for it, in September, 1854, conveyed the whole of her title to her daughter Elizabeth Kleas—made a defendant— to the east half of the Lot Number One, the west one-half of Lot Number Two, and the undivided one-half interest in the east

Snodgrass *v.* Ricketts.

one-half of the west one-half of Lot Number Two; and this deed was without consideration and in fraud of plaintiff—Elizabeth well knowing the declarations of Thomas and Margaret as to the interest of Thomas, made at the time of plaintiff's purchase. Margaret afterwards intermarried with one Seymour—made defendant.

It is not necessary to go into an examination of the precise relief to which the plaintiff would be entitled upon these facts, assuming that he can make them out. The only question is, whether he is entitled to any. The case is so narrowed down to this simple statement: If one man makes a bargain with another for land, the latter claiming the title and the right to sell it, and this is done in the presence and at the instigation of a third party who has the title, is not the third estopped from setting up the title as against the purchaser? We think he is, and that all persons in privity with such third person are likewise estopped, unless they are purchasers for valuable consideration, without notice. But there is another fact stated, to wit: that Ricketts had a deed from Margaret at the time of this purchase, for a portion of this property; this deed was not recorded, but this was immaterial, so far as these parties and their rights were concerned. The subsequent redelivery of the deed and its destruction by Margaret did not affect the rights of the plaintiff, who took his title before this redelivery. Whatever right Ricketts had at the time of the deed passed to plaintiff. The subsequent deed by Margaret had no force to convey the property to mere volunteers and donees. The plaintiff would seem to have a good remedy in Chancery to clear his title of these alleged fraudulent obstructions, and, by a decree of the Court, to have it secured to him free from the possibility of subsequent sale, by these grantees, to a future purchaser—as the effect of such alienation might be to deprive him of his rights, if the vendee had no notice of them. We repeat that we do not decide anything here as to the form or measure of the plaintiff's relief, but only that *the complaint shows title to some relief.* We intimate, of course, no opinion on the facts as they really are, but assume them for the purpose of this decision, as they are stated in the complaint.

Decree reversed and cause remanded to be tried *de novo.*

Ordered accordingly.