[Civ. No. 13721. Second Dist., Div. Two. Nov. 23, 1942.]

JESSE MEADOWS, Respondent, v. HAMPTON LIVE STOCK COMMISSION CO. et al., Defendants; ANTON RIEDER et al., Appellants.

Carl A. Stutsman, Jr., and Ezra Neff for Appellants.

Albert Anix and Wallace F. Mills for Respondent.

WOOD (W. J.), J.—Plaintiff commenced this action for the alleged conversion of 63 head of cattle. Judgment was rendered against defendant Merchants Packing Company in the sum of $2,276.10, and against defendant Coast Packing Company in the sum of $2,767.70. These two defendants, who will hereinafter be referred to as defendants, have appealed from the judgment.

Plaintiff sold the cattle in question at his ranch to defendant Hampton Live Stock Commission Company on December 29, 1940, for the sum of $4,536.23. At the time of the sale he knew that the Hampton Company was engaged in the business of buying and selling live stock at Los Angeles Union Stock Yards and that the Hampton Company intended to and would display the cattle for sale at the stock yards. Plaintiff went to the stock yards and was personally present when the cattle were unloaded and "weighed in." He delivered to the representative of the Hampton Company a brand inspection slip as required by section 366 of the Agricultural Code of California. In this slip the cattle were identified and plaintiff was designated as seller and the Hampton Company as purchaser. Each of the defendants purchased a portion of the shipment of cattle on December 30, 1940, in the usual course of business at the stock yards without the knowledge of any defect in the title of the Hampton Company, and paid to the Hampton Company the purchase price of $5,043.70 for the cattle. Judgment was entered against them for this sum.

Plaintiff testified that when the cattle were being "weighed in" he received drafts in payment for them from the Hamp-

ton Company but that he refused to give a bill of sale for the cattle until he had the money. The drafts were presented for payment on December 30, 1940, but were dishonored. Plaintiff thereupon complained to the Hampton Company and received a check in the sum of $4,536.23 but this check was also dishonored. The trial court found that plaintiff did not give to any of the defendants a written bill of sale for the cattle, reciting the kind and brands and signed by plaintiff and two subscribing witnesses who had been freeholders of the county for at least two years. Judgment was given to plaintiff because of the absence of such a bill of sale.

At the trial it was conceded that defendants purchased the cattle in good faith and that "they hadn't any idea that there was anything wrong with the title." Since plaintiff delivered possession of the cattle to a concern engaged in the business of selling cattle at public stock yards, together with a brand inspection slip, saw the cattle unloaded and knew that they would be offered for sale to others, he unquestionably entrusted the Hampton Company with the indicia of ownership. The owner of property who clothes another with the apparent title to it, or the power of disposition of it, is estopped from afterwards asserting his title against an innocent third party who has thereby been induced to deal with the apparent owner in reference thereto. (*Wendling Lbr. Co.* v. *Glenwood Lbr. Co.*, 54 Cal.App. 691 [202 P. 929]; *Pacific Finance Corp.* v. *Hendley*, 103 Cal.App. 335 [284 P. 736].) One who stands by while property to which he has title is sold is estopped from setting up title against the purchaser. (*Snodgrass* v. *Ricketts*, 13 Cal. 359.) Plaintiff asserts that estoppel was not pleaded and that for this reason defendants are not in position to contend that he was estopped from asserting his title. It is true that the word, estoppel, is not used in the pleadings but it is not necessary that an estoppel be pleaded by name. It is sufficient if the facts be set forth in the pleadings in such manner as to bring the issue before the court. From the complaint and the answer it is apparent that all of the essential facts to establish an estoppel were pleaded. Moreover, defendants are protected by the rule set forth in section 3543 of the Civil Code: "Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the

sufferer.'' This rule has been applied to bona fide purchasers for value from those who have been clothed with the indicia of ownership. It has been held that although the true owner is guilty of no more than misplaced confidence, such misplaced confidence is negligence within the meaning of section 3543. (*Phelps* v. *American Mortgage Co.,* 40 Cal.App.2d 361, 366 [104 P.2d 880]; *Camerer* v. *California Sav. etc. Bank,* 4 Cal.2d 159, 172 [48 P.2d 39, 100 A.L.R. 667].) It should be pointed out that the Hampton Company has become insolvent and the loss must necessarily fall upon plaintiff or defendants.

 From the foregoing it is apparent that defendants must prevail unless the sale of the cattle to them is to be held void because of their failure to demand and receive a bill of sale describing the cattle and bearing the signatures of two witnesses who had been freeholders of the county for the last two years. It is provided in section 363 of the Agricultural Code that no person shall buy or sell a bovine animal unless the seller give and the buyer receive at the time of the delivery of such animal a written bill of sale bearing the signatures of two witnesses who have been freeholders of the county for at least two years. In section 8 of the code it is provided that the violation of any provision of the code is a misdemeanor. It is noteworthy that subsequent to the transaction here in question the Legislature in 1941 amended section 363 of the Agricultural Code by adding thereto the provision that the failure of the seller to give a bill of sale to the buyer shall have no effect upon the validity of any sale. It is contended by defendants that the provision for the bill of sale containing the signatures of two freeholder witnesses was placed in the law by the Legislature to prevent cattle ''rustling,'' which in the early days of California history constituted a serious evil, and that the provision has no application to public stock yards where daily sales of cattle are made under government regulation. We are satisfied that, regardless of the conclusion to be reached on this point, the rule that plaintiff is estopped to assert his title, fortified by the maxim expressed in section 3543 of the Civil Code, should govern the decision on this appeal. The failure of the purchasers at the public stock yards, defendants herein, to demand a bill of sale with its unusual requirement for the

signatures of two freeholder witnesses does not compel the forfeiture of all of their rights. It does not prevent their presenting the defense that plaintiff is estopped from asserting his title to the cattle. The question whether defendants are guilty of a misdemeanor is not before us for decision. Plaintiff relies upon *Galeppi* v. *C. Swanston & Son,* 107 Cal. App. 30 [290 P. 116]. We need not express either approval or disapproval of the decision in that case, for the factual situation there was quite different from the situation in the case now before us. In the Galeppi case, King, the cattle dealer, who was to purchase the stock, did not sell the cattle at a public stock yard but diverted the shipment from the location to which they had been consigned. Defendant, who purchased the cattle from King, could not be held to be entirely innocent in the transaction, for he demanded a bill of sale which was not promptly given and paid for the cattle on the promise of King that the bill of sale would be furnished later in the day.

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.