[Civ. No. 26227. First Dist., Div. Three. Dec. 18, 1970.]

FEDERAL INSURANCE COMPANY, Plaintiff and Appellant, v. CHARLES ALLEN et al., Defendants and Respondents.

## COUNSEL

Fields, Roos & McBride and Donald W. Rees for Plaintiff and Appellant.

Allen L. Norris, Gladstein, Andersen, Leonard & Sibbett and Richard Gladstein for Defendants and Respondents.

## OPINION

**DRAPER, P. J.**—Plaintiff-appellant was the surety upon a fidelity bond issued to Goodyear Tire & Rubber Company, indemnifying Goodyear against the theft or embezzlement of its property by any of its employees. Over a period of some two years, one Scott, a Goodyear warehouse foreman, took from his employer a number of heavy duty equipment tires. He concealed the thefts by juggling of the books. When the loss was discovered, Goodyear filed its claim against plaintiff for $50,068.64. The bond provided for deduction of the first $5,000 of the loss, and plaintiff paid $45,068.64, taking from Goodyear an assignment of all its rights against those who might be liable to Goodyear in connection with the loss. Some 75 of the tires stolen from Goodyear were sold by Scott to defendants Allen and Bergen, tire dealers. Plaintiff brought this action to recover the value of such tires from defendants.

Upon substantial evidence, the trial court found that neither of defendant

purchasers had any reason to question Scott's ownership of the tires or knew that Scott, formerly an independent tire dealer, was in Goodyear's employ. It also found that nothing in the price or other circumstances of Scott's offers or sales to them could have put either purchaser on notice or inquiry of Scott's lack of title, and that Goodyear in fact was negligent in its supervision of its employee and was put on notice, early in the series of the thefts, of facts which should have permitted it to prevent them. Judgment was for defendants, and plaintiff appeals.

██ Appellant surety argues that the action is one at law for conversion, to be treated as though brought by Goodyear, and that negligence is not a defense to such an action. We need not determine whether the findings here support an estoppel against Goodyear's assertion of its title (*Meadows* v. *Hampton Live Stock Com. Co.,* 55 Cal.App.2d 634 [131 P.2d 591]). Rather, the issue is resolved by the rule that a surety for compensation upon a fidelity bond does not stand in the shoes of the employer whose loss he has paid.

Such a surety, upon his payment to the employer, is subrogated to the employer's rights (*Meyers* v. *Bank of America etc. Assn.,* 11 Cal.2d 92, 96-97 [77 P.2d 1084]). ██ "Subrogation, as a creation of equity is subject to the limitation that it will not be allowed where it will . . . be inequitable to third persons." (Rest., Security, § 141, com. a, p. 384.) "[A] formal, written assignment . . . adds nothing to the enforceability by the assignee of the cause of action, but . . . it is subject to the same defenses as though no assignment . . . had been made." (*Meyers* v. *Bank of America, supra,* at p. 94; see also pp. 96-97.) The surety subrogee can recover only if it shows an equity superior to that of the defendants (*J. G. Boswell Co.* v. *W. D. Felder & Co.,* 103 Cal.App.2d 767, 774 [230 P.2d 386]).

██ Here plaintiff in effect vouched for Scott's integrity and accepted a premium for its agreement to indemnify against his defalcations. Defendants had no notice whatever of Scott's thefts, and there were no facts to put either of them upon inquiry. Thus plaintiff has failed to show a superior, or even an equal, equity, and it cannot recover from either defendant (*Meyers* v. *Bank of America, supra; J. G. Boswell Co.* v. *W. D. Felder & Co., supra;* see generally *Hartford Acc. & Indem. Co.* v. *Bank of America,* 220 Cal.App.2d 545 [34 Cal.Rptr. 23]).

The decision cited by appellant (*Beverly Finance Co.* v. *American Casualty Co.,* 273 Cal.App.2d 259 [78 Cal.Rptr. 334]) does not refer to the principle which governs here. The omission may well be explained by review of the facts of that case. There the insurer against automobile theft paid the loss on the original theft, and became the transferee of the owner's

title to the stolen automobile long before the conversion which was the subject of the *Beverly* action. Although the insurer's title to the car was acquired by subrogation, as well as by assignment, both long preceded the conversion sued upon. It follows that it was the insurer's tangible property, and not that of its insured, which was converted.

 We cannot accept appellant's belated contention, made only in the final paragraph of its closing brief here, that in any event it is entitled to recover the $5,000 it did not pay to Goodyear. Had this issue been raised below, conclusions, supported by the findings, could have established an estoppel against Goodyear (*Meadows* v. *Hampton Live Stock Com. Co., supra,* 55 Cal.App.2d 634) and thus have barred its assignor. We see no reason to insert the issue at this late date.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.