(No. 2222.    Sept. 25, 1919.)

## BANK OF HATCH v. MOSSMAN.

On Motion for Rehearing, Dec. 1, 1919

### SYLLABUS BY THE COURT

1. A bank to which a note is sent for collection is the agent of the sender, and payment by the maker to the bank discharges the note.    P. 555

2. Evidence **held** to show that the bank receiving note for collection and to which it had been paid by the maker was the agent of the sending bank.    P. 556

#### On Motion for Rehearing

3. After its insolvency, a bank had no right to act as agent in collection of a note for another bank, but its insolvency did not destroy the agency in respect to third

parties, including the maker who paid the note to it, and that the sending bank could collect from receiver of insolvent bank had no bearing on the question of maker's payment.                                                                P. 558

4.   Where the owner and holder of a note sent the note to an insolvent bank as agent to collect it, and it received payment of the maker but failed to remit the proceeds, the sending bank would suffer the loss under the principle that, when one of two innocent parties must suffer, the one who made the condition possible shall bear the loss.       P. 558

Appeal from District Court, Dona Ana County; E. L. Medler, Judge.

Action by the Bank of Hatch against W. C. Mossman. Judgment for defendant, and plaintiff appeals.   Affirmed.

FRANK HERON and MARK B. TOMPSON, both of Las Cruces, for appellant.

Under facts of this case the First State Bank was the agent of the appellee and not the agent for collection of appellant.

Moore & Co. v. Meyer, 57 Ala. 20.  Clemons v. Livingston Co. Mut. F. Ins. Co., 12 N. Y. Supp. 433.  Ripley Nat. Bank v. Conn. M. L. Ins. Co., 47 SW 1.  Moore V. Pollock, 70 N. W. 541.  Indig v. Nat. City B. 80 N. Y. 100. 59 How Pr. 10.  Baldwin's Bank of Penn Yan v. Smith et al., 136 N. Y. Supp. 349.  Carlina-Virginia Chemical Co., v. Steen. 55 So. 47.  Sutherland v. 1st. Nat. Bank, 31 Mich. 230.  Pease v. Warren, 18 American Reports, 58.  Wood & Co. v. Mer. Sav. Loan & T. Co. 41 Ill. 267.  Orsborn & Co. v. Baird, 45 Wis. 189. (The converse)  St. Paul Bank v. Cannon, 24 Am. State Rep. 189.  Moses v. Trice. 8 American Report 609.  Adams v. Hackensack, 43 Am. Rep. 406.

Where a person is the agent of the debtor for the payment of a note and also holds the paper for collection there is no payment until an actual application of the funds is made by the agent on behalf of the creditor.

Phillips vs. Meyer, 7 Cal. 82.  Boardman vs. Blizzard, 36 Fed. 26. May vs. Mutual Ben. Lif. Ins. Co. 72 Mo. App. 286.  Rippley Nat. Bk. vs. Conn. M. L. Ins. Co., 47 SW. 1.

Plaintiff's position is that there was no actual application of the fund on behalf of appellant, for at the time of the attempted application, the fund had been otherwise disposed of by the First State Bank. Deposit in a bank or with a third person is not payment when the person with whom it is deposited otherwise appropriates it.

Gordon vs. Gordon, 98 Ind. 67.  Moore & Co. vs. Meyer, 57 Ala. 20.  Boardman vs. Blizzard, 36 Fed. 26. Clemons vs. Livingston Co. Mut. L. Ins. Co. 12 N. Y. Supp. 433.  Rippley Nat. Bank vs. Conn. M. L. Ins. 47 SW. 1.

The court found that the First State Bank was insolvent on December 8th, 1914 and had been so insolvent for the six months or so next preceding; being so insolvent the said bank could not perform the offices of a collecting bank and any attempted acts in such respect cannot create the relation of principal and agent for the forwarder of a note for collection; and the effect of passing worthless credits or checks under such circumstances, SEE;

Mfr's Nat. Bank vs. Continental Bank, 12, Am. St. Rep. 598. Thomas vs. Board of Supervisors, 4 L. R. A. 477. Importers & T. Bank vs. Peters, 25 N. E. 319.  Western Ger. Bank vs. Norvell, 134 Fed. 724.  Richardson vs. Denegre, 93 Fed. 572.  St. Louis R. Co. vs. Johnson, 33 Law Ed. 683.  Philadelphia vs. Eckles 98 Fed. 485.  Peck vs. N. Y. Bank, 43 Fed. 357.  Dodge vs. Mastin, 17 Fed. 660.  5 CYC 499.  Ex. Bank of Wheeling vs. Sutton, 28 Atl. 563.  Mfrs. Bank vs. Continental Bank, 20 NE 193. Merchants Bank vs. Austin, 48 Fed. 25. 7 C. J. 604 (254).

The First State Bank loaned its credit in a transaction in which it had no financial or business interest. Such is beyond the power of any bank.

Nat. Park Bank vs. Ger. Am. etc. Co. 5 L R A 673 & cases cited.   West St. Louis Bank vs. Parmalee, 24 L. Ed. 490.   Wheeler vs. Home Savings Bank, 80 Am. St. Rep. 161.   7 CJ 595.   3 R. C. L. 425.   Gause vs. Com. Trust Co., 24 L R A (NS) 967.   3 A-E, Enc. Law, 800. Zane on B. and Banking, page 199.

Under such a state of facts as this record presents the form of an indorsement is immaterial.   .

Armstrong v. Boyerton Nat. Bk. 9 L. R. A. 553. Levy v. Nat. Bank of Missouri, 15 Fed. Cases, No. 8289. Morse on Banks, Sec. 568.   I Daniel's Negotiable Instruments, Sec. 334.   Dickinson v. Nason, 7 Am. Rep. 458. Balback v. Trelinghuysen, 15 Fed. 675.   In re: State Bank, 45 Am. St. Rep. 454.   Freeman Nat. Bank v. Nat. Tupe Wks., 21 Am. St. Rep. 461.   7 C. J. 603.   Nat. Park Bank, v. Seaboard Bank, 20 NE 632.   Merchants' Bank v. Goodman, 58 Am. Rep. 728.

YOUNG & YOUNG, of Las Cruces, for appellee.

Acceptance of guaranty by appellant stops it from denying it, though ulta vires.

1 Morse on Banks & Banking, Secs. 55, 56; Owens v. Stapp, 32 Ill. App. 653; West v. Board, 82 Ill. 205; Chicago etc. Co. v. Crowell, 65 Ill. 53; Oreg. R. Co. v. Nav. Co. 23 Fed.   232; Hitchcock v. Galveston, 97 U.S. 341, 24 L. Ed. 344; State Board v. Citizens Street Co. 47 Ind. 407, 17 Am. R. 702; Denver F. Co. v. McClelland, 9 Colo. 11, 59 Am. R. 135.

Plaintiff introduced testimony to show that the First State Bank was insolvent, doubtless upon the theory that the insolvency of the bank would revoke the authority

of the bank to collect the Mossman note. This theory may hold good as to the bank, but it has no effect upon THIRD PARTIES. Mossman's note bore the general, unconditional endorsement of the Bank of Hatch, namely: "Pay to any bank or banker." The note was presented to Mossman by a bank. As the bank from which he received the note had apparent authority, that was sufficient. Naser, et al, vs. First National Bank, 22 N. E. 1077 (1078) *infra.* Zane on Banks and Banking, Secs. 133, 190.

"An endorsement in blank, although merely intended as an endorsement for collection, transfers the title, and a *later holder without notice,* may take a clear title, under such blank endorsement, although it is followed by an endorsement "for collection" made by the collecting agent."

7 Cyc, 808. See notes 37, 38. Magee on Banks and Banking (2 Ed.) Secs. 267, 282.

A bank upon which a bill is drawn is not a suitable agent to collect the bill, and the forwarding bank must answer for all loss accruing as the result of such collection.

3 A. & Enc. 809. Anderson vs. Rogers, 27 L. R. A. 248. See note to this case.

## STATEMENT OF FACTS.

This is an appeal by the Bank of Hatch, located at Hatch, Dona Ana county, N. M., from a judgment in favor of the defendant and appellee, W. C. Mossman. The action is upon a promissory note for $4,000 executed by said appellee to appellant and payable to appellant at Hatch. The appellant is a banking corporation doing business in the town of Hatch. The appellee is engaged in the cattle business near the town of Mesquite in the same county, was a stockholder in the First State Bank

of Las Cruces, and did all his banking business with that institution. During the month of August, 1914, the appellee applied to the First State Bank of Las Cruces for a loan to be used for the purchase of cattle. The evidence shows that T. R. H. Smith was president of the First State Bank of Las Cruces, and that he agreed to make the loan to the appellee for $4,000, told him to go ahead and purchase the cattle and when the purchases were made to issue checks against the First State Bank, and that when the cattle had been purchased the appellee could give to said bank a chattel mortgage on the cattle. The appellee acted on the statement of Smith, and Smith testified that Mossman began to draw checks on the First State Bank five or ten days before the loan was made, that is, before the note and mortgage were executed. When Mossman returned to the First State Bank at Las Cruces, he executed the note and chattel mortgage, and Smith, as president, sent the note and chattel mortgage to the appellant, the Bank of Hatch. Smith testified that up to the time of the signing of the note and mortgage Mossman knew nothing about any arrangement to borrow the money from the Bank of Hatch. He also testified that from the time the Bank of Hatch was organized the First State Bank of Las Cruces was its representative at Las Cruces. It further appeared from the testimony that on the 25th day of November, 1914, the appellee, Mossman, gave to the First State Bank in payment of his note a draft on Burton C. Mossman, his brother, for $4,000; that this draft was treated as cash and was duly paid; that the draft was forwarded to the Texas Bank & Trust Company, of El Paso, Tex., as a cash item; that the First State Bank knew of a telegram received from Burton C. Mossman to appellee informing him that the draft would be paid. It appears from the record that the First State Bank guaranteed the loan in question to the Bank of Hatch. The note fell due on the 23rd of November, 1914, and the appellant bank was before that time advised by Smith that the note would be paid at maturity, and he requested appellant to forward it to the First State Bank, together with the proper

release. To this appellant agreed and sent to the First State Bank of Las Cruces the note indorsed, "Pay to the order of any bank or banker; all previous indorsements guaranteed. Bank of Hatch, Hatch, New Mexico, P. F. Campbell, Vice President and Cashier"—together with the mortgage and release. Smith examined the release and notified the appellant that it was not in proper form and that he would credit appellant's account on receipt of a satisfaction of the mortgage properly executed. Thereafter on the 8th day of December, 1914, the secretary of the appellant bank went to the First State Bank of Las Cruces, executed and delivered a further release, and thereupon Smith directed and caused to be charged against the account of appellee the sum of '$4,015.54, and caused to be credited to the account of the appellant bank a like amount, sent to the appellee through the mail the canceled note and mortgage, and filed the release for record in the office of the county clerk, charging the recording fee to the account of the appellee, Mossman.

At the close of business on the 8th day of December, 1914, the First State Bank of Las Cruces suspended operations and was placed in the hands of the state bank examiner. A receiver was appointed to wind up its affairs, and the First State Bank never again resumed business.

Thereafter the Bank of Hatch brought suit against the appellee for the recovery of the amount specified in the note and for foreclosure of the mortgage securing the debt. The case was tried by agreement without a jury. The court gave judgment for the defendant, and as a part of said judgment made the following findings of fact:

First. In the negotiations leading up to the transaction of the loan made by the plaintiff, Bank of Hatch, to the defendant, W. C. Mossman, the First State Bank of Las Cruces was the agent of the plaintiff, the Bank of Hatch.

Second. Without the knowledge or solicitation of the defendant, the First State Bank of Las Cruces became and was

the surety to the plantiff, Bank of Hatch, for the repayment to the plaintiff of the money borrowed by the defendant, W. C. Mossman, as evidenced by the promissory note described in the complaint.

Third. The promissory note executed by the defendant, Mossman, was not paid at maturity, but was paid by the defendant on the 1st day of December, A. D. 1914.

Fourth. After maturity of the said promissory note, and subsequent to the time. when the First State Bank of Las Cruces became and was absolutely responsible for the payment of the same to the plaintiff, the plaintiff sent the said promissory note directly to the said First State Bank of Las Cruces.

From this judgment the plaintiff appealed, assigning as error, among other assignments, the action of the trial court:

(1) In not finding that the First State Bank of Las Cruces, or R. T. R. H. Smith, its president, was at all times the agent of defendant, Mossman, in this transaction with the Bank of Hatch.

(2) In not finding that the said First State Bank, or its president, was the agent of defendant Mossman in procuring this loan.

(3) In not finding that the said First State Bank, or its president, was the agent of defendant, Mossman, for the payment of this loan.

(4) In finding the said First State Bank was the agent of the Bank of Hatch at any time.

(5) In finding that the said note was paid December 1, 1914, or at any time.

### OPINION OF THE COURT

RAYNOLDS, J. (after stating the facts as above). As shown by the evidence and the findings of fact, the note in question was guaranteed by the First State Bank to the appellant, and it was also indorsed by the appellant to the First State Bank. It appears that the trial court attached some importance to these transactions, but the appellant urges upon us that the answer sets up no such defense; the sole defense being that the Bank of Hatch sent the note in question to the First State

Bank of Hatch v. Mossman, 25 N. M. 547.

Bank, that the First State Bank acted as agent for appellant, and that the appellee paid the note to appellant's agent. We think this position well taken. It nowhere appears that the appellee relied on the indorsement of the appellant to the First State Bank, nor that he knew of the fact that the First State Bank had guaranteed his loan to the appellant. His defense was that he had paid the note to appellant's agent. Appellant alleged that the First State Bank was the agent of appellee and not the agent of appellant. The case therefore turns upon the question of agency. If the First State Bank was the agent of appellee, he is liable because his payment to the First State Bank was not payment to the appellant. On the other hand, if the First State Bank was the agent of the appellant, the note has been paid by payment to its agent.

[1] It is a well-settled principle of law that the bank receiving paper for collection is generally the agent of the one from whom it receives it.

"The collecting bank is the agent of the owner or sender of the paper." 5 Cyc. 500; 7 C. J. § 245.

"A bank receiving paper for collection is generally the agent of the party from whom it receives it * * * But in no sense is it the agent or trustee for the maker of the paper it holds for collection, or for the party who is indebted thereon. If the debtor simply pays into the bank the amount due, and takes up his paper, he is thereby fully acquitted and absolved. He is not responsible for the subsequent fate of the sum, and is not bound to inquire whether it comes to the hands of the person entitled to it, or is lost, wasted, or embezzled in the bank. * * * The whole business is completed, so far as he is concerned, by his payment and the contemporaneous surrender, cancellation, or destruction of the evidence of his debt." Morse on Banks and Banking, vol. 1 (5th Ed.) par. 214, and cases cited.

"Where a bank sent a note to a correspondent for collection, and the latter, which had the maker's money on deposit, with instructions to pay it on the note, charged the amount to the maker, and credited it to the sender of the note in the regular course of business, it constitutes a payment, though the bank failed the next day, and returned the note without indorsing anything thereon, or accounting for the collection." Michie on Banks and Banking, vol. 2, p. 1414, and cases cited.

"As a general·proposition, possession of the instrument is sufficient evidence of authority to collect so far as the maker or acceptor is concerned." 3 R. C. L. "Bills and Notes," p. 427.

"Payment to the person lawfully in possession of the bill or note discharges the note." 8 C. J. "Bills and Notes," par. 785.

The appellant contends that the general rules above quoted do not apply to this case, and that the court should have found that the First State Bank was the agent of appellee; that the fact of sending the note to the First State Bank did not make the First State Bank appellant's agent, because the First State Bank was the agent of the appellee to make the loan and receive the payment; and that the note was sent to the First State Bank at appellee's request, or at the request of appellee's agent.

"If the borrower or payor leaves money in the bank to pay his obligation, or is a depositor, or specifically directs the bank to pay the note, the bank also becomes his agent and is responsible to him for the safe-keeping and ·proper application of the proceeds." 5 Cyc. 501; 7 C. J. 606.

[2] The evidence on the question of agency in this case is conflicting. Smith testified that Mossman asked him as president of the First State Bank to send to the Bank of Hatch for the note and mortgage and release. Mossman denied asking Smith to send for the papers, and states that Smith without his request, upon drawing of the draft by Mossman, said: "I will attend to it. I will send up there and have the papers sent down." When asked the question, "Understood you to say you made no request about the matter at all?" answered: "Well, I didn't request it; he told me that"—referring to the previous statements by Smith. Mossman also denied that he authorized Smith to borrow the money from the Bank of Hatch, and it appears that no check was ever drawn by Mossman on the First State Bank with which he did business in payment of the note in question.

The note was payable at the Bank of Hatch, and the

Bank of Hatch notified Mossman before the note was due that it was payable there and not at Las Cruces.

The case seems to turn upon the particular facts, and the general propositions of law are not of great assistance to the court. It appears undisputed that the loan was procured from the First State Bank by the appellee, and that the appellee did not know to whom the note was due until he signed it. He dealt with the First State Bank in procuring the loan, and for that purpose the First State Bank was probably his agent. As to the payment the facts are disputed. Appellee made no direct request of appellant to send the note to the First State Bank. He acquiesced, however, in the First State Bank's sending for it, and also notified the Bank of Hatch that he would go to Las Cruces and "fix it up." He gave no check on his account with the First State Bank, nor did he demand the canceled note and release when he gave the draft on November 25th, or when the draft was paid. The note and release were sent to him by mail and received by him on December 9th, the day after the First State Bank ceased to do business. Although these facts seem to indicate that the appellee invited or acquiesced in the note being sent to his banker for payment, and thereby made the bank his agent, we are of the opinion that the trial court corectly held on the conflicting evidence that the First State Bank in the collection of the note was the agent of the appellant. This conclusion is sustained by substantial evidence and is strengthened by the undisputed facts that the First State Bank was the representative of the appellant at Las Cruces, and that appellant had stated in its letter of December 7th that the money when collected was to be kept in the First State Bank, "until we need it, which we hope will be several days."

As we find no error in the decision and conclusion of the lower court, it is therefore affirmed, and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.

Bank of Hatch v. Mossman, 25 N. M. 547.

## On Motion for Rehearing.

RAYNOLDS, J.  It is urged by the appellant in its motion for rehearing that, the First State Bank being insolvent, the relation of agency between appellant and said bank could not arise; that the First State Bank had no right to collect the note in question. The principle invoked here is often applied when the remitting bank seeks to collect from the receiver of an insolvent collecting bank. It is universally held that the remitting bank is entitled to the entire fund so collected, and does not have to share pro rata with the other creditors of the insolvent bank. But this principle has no application here.

[3,4] It is true the First State Bank had no right to act as agent for the appellant bank after its insolvency. In fact, it had no right to continue in business; but it did so, and the appellant sent to it the note in question for collection, which the appellee, Mossman, paid to the First State Bank. The fact that it was insolvent did not destroy the agency as far as third parties were concerned, nor has the fact that the appellant could collect the entire sum from the receiver of said bank any bearing on the question of the payment by the appellee. It was the failure of the First State Bank to remit what it had collected to the appellant which caused appellant's loss. Appellee has paid once, and it was through the fault of appellant's agent that the appellant did not receive the payment. The well-known principle applies that, when one of two innocent parties must suffer, the one who made the condition possible should bear the loss. It was the sending of a note to an insolvent bank to collect that caused appellant's loss.

In Baldwin's Bank v. Smith, 215 N. Y. 76, at page 82, 109 N. E. 138, at page 141 (L. R. A. 1918F, 1089, Ann. Cas. 1917A. 500), a case similar to the present one, the court said:

"If we lay refinements aside, the truth is that the actual default of the Watkins Bank was in not remitting the pro-

ceeds of the note to its principal, a cogent reason for adhering to the view that the note was paid. It is not conclusive on the question of payment that the plaintiff might not have been entitled to assert that the assets in the hands of the assignee or receiver of the Watkins Bank were impressed with a trust in its favor, because there might be a transfer of credits so as to constitute payment without actually setting aside a distinct fund which could be impressed with a trust. See People v. Merchants', etc., Bank, 78 N. Y. 269, 34 Am. Rep. 532. That point is not involved and need not be decided. If, however, we assume that the note was not paid, the failure to secure payment was due to the neglect of the plaintiff's agent, and the loss resulting therefrom should fall on the one responsible for the fault."

See, also, Smith v. Essex County Bank, 22 Barb. (N. Y.) 627.

The motion for rehearing will therefore be denied, and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.