364 P.2d 859

**SOUTH SECOND LIVESTOCK AUCTION, INC., a Corporation, Plaintiff-Appellee,**

v.

**Audie ROBERTS, Defendant-Appellant.**

**No. 6901.**

Supreme Court of New Mexico.

Sept. 12, 1961.

Seth, Montgomery, Federici & Andrews, Santa Fe, for appellant.

Dale B. Dilts, Albuquerque, for appellee.

COMPTON, Chief Justice.

This action was commenced in the District Court of Bernalillo County, New Mexico, by plaintiff to recover from Audie Roberts and Claude Lowery, defendants, the value of three checks drawn by the defendant Lowery and issued to plaintiff but remaining unpaid. The case came to trial on plaintiff's complaint containing two counts. Count I related to a partnership relationship between the two defendants, Lowery and Roberts, and Count II alleged that Lowery was managing operator of a sole proprietorship owned by defendant Roberts, and known as Valley Packing

Company of Espanola, New Mexico. It was alleged that Lowery was the agent, servant and employee of Roberts and, as such, issued three checks totalling $6,002.23 purporting to be in payment for the purchase of livestock and that, therefore, defendant Roberts was indebted to plaintiff in that amount. The Answer contained a general denial as to both counts, admitting only that Valley Packing Company was a sole proprietorship owned by Roberts and denying a claim upon which relief could be granted.

After both sides had rested, the Court permitted plaintiff to amend Count II to show a suit upon a debt to conform to the evidence. Thereafter, the Court dismissed Count I of plaintiff's complaint relating to partnership; dismissed the action as to defendant Lowery as he was never served with process, and rendered judgment in favor of plaintiff against defendant Roberts for $6,002.23.

An appeal to this Court on Count II only was taken by appellant Roberts. He relies on the following points: (1) the trial court erred in refusing to dismiss Count II of the Complaint; (2) Appellee relied on the credit of Lowery and not on the credit of appellant Roberts and therefore appellant is not liable to appellee, and judgment should be entered for appellant; (3) the court erred in entering judgment for appellee based on estoppel; and (4) the court

erred in entering judgment for appellee based upon a debt.

After hearing the evidence, the lower court found substantially as follows: that defendant Roberts was the owner of the business known as Valley Packing Company; that defendant Lowery was his manager to operate the business; that Roberts furnished Lowery with $1,500 to open a bank account in the name of Valley Packing Company with authority to draw checks thereon as long as there were sufficient funds to do so; that Lowery managed the business from December, 1957 until June 1, 1958, when Roberts took over the business; that Lowery purchased from plaintiff livestock, issuing as payment therefor checks drawn on said Valley Packing Company account; that plaintiff had previously done business with Valley Packing Company through Lowery and checks signed by Lowery on the packing company account had been paid; that the three checks in question were so issued and remain unpaid; that prior to the issuance of the three checks in question plaintiff knew that Roberts had some interest in the packing company but did not rely on Roberts' credit; that Roberts had authorized Lowery, as manager, to purchase livestock for and on behalf of Valley Packing Company.

The lower court then concluded that defendant Roberts was indebted to plaintiff

**158**

in the amount of $6,002.23 by reason of the livestock sold and delivered by plaintiff to the defendant Roberts doing business as Valley Packing Company; that Roberts, as the owner of the business, received the benefits of the cattle thus sold by plaintiff to the business; that he was estopped to deny the indebtedness since he had placed Lowery in the position to obtain the livestock from plaintiff and in a position to negotiate the checks to plaintiff; and, that the restriction upon Lowery, prohibiting him from issuing checks when the bank balance would be insufficient to cover same, was not binding upon the plaintiff as he had no knowledge thereof.

In his first point appellant contends that the lower court erred in refusing to dismiss Count II of the complaint for the reason that the plaintiff sought therein to recover from Roberts on checks signed only by Lowery, which is prohibited by Section 50-1-18 of New Mexico Statutes Annotated, 1953 (Uniform Negotiable Instruments Act), as follows:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade [name] or assumed name will be liable to the same extent as if he had signed in his own name."

Appellant then set forth numerous authorities in support of this contention,

taking the view that this case deals with an undisclosed principal.

The record shows that this point was first raised by appellant in his motion for judgment at the close of plaintiff's case and the Court reserved its decision until the close of all of the evidence. At that time the motion was renewed, the Court heard oral argument of both counsel and granted appellee's motion to amend Count II to include an allegation of debt to conform to the evidence.

Since the judgment of the lower court was not based on the checks themselves, but on Count II, as amended to allege the indebtedness, there is no need for this Court to enter into a lengthy discussion of the application of the Uniform Negotiable Instruments Act.

█ With respect to the second point, that appellee relied on the credit of Lowery and not on the credit of appellant, we find no fault with the finding of the court below, from all of the evidence, that appellee, prior to the sales of cattle here involved, knew that defendant Roberts had some interest in Valley Packing Company, but did not rely upon his credit in making the sales. But we do not think it necessarily follows that appellee relied solely and exclusively on the credit of Lowery. Appellee was relying on the credit of Valley Packing Company with whom it was dealing through Lowery and as it had done on

previous occasions in making sales and receiving payment by the same method. Nowhere does the evidence indicate that appellee thought or believed that the packing company and Lowery were one and the same.

In two cases cited by appellant, Gilbert v. Howard, 64 N.M. 200, 326 P.2d 1085, and Hempstead v. Allen, 126 Mont. 578, 255 P.2d 342, one party was dealing with another without any indication of a company being involved, or the existence of a principal-agent relationship, and there was no question but that the exclusive credit of the individual signing the particular instrument was relied upon. In the third case cited by appellant, Marchbanks v. Horn, Tex.Civ.App., 203 S.W.2d 649, the sole and exclusive credit of a wife was relied upon in receiving her notes. The husband's name did not appear thereon; neither was he a party to the transaction or to the notes, nor did he have any knowledge thereof.

We come now to the third and fourth points assigned by appellant, that (3) the court erred in entering judgment for appellee based upon estoppel, and (4) the court erred in entering judgment for appellee based upon debt. Since both appellant and appellee appear to have experienced some difficulty in determining upon which of these grounds the trial court held for appellee, let us first consider the two pertinent conclusions of law, Nos. 3 and 4, upon which the judgment appears to be based:

"3. That the defendant Audie Roberts is indebted to the plaintiff in the sum of $6,002.23 by reason of livestock sold and delivered by plaintiff to defendant Audie Roberts, doing business as Valley Packing Company.

"4. That defendant Roberts was the outright owner of said business, got the benefit of the cattle sold by plaintiff to said business, and is estopped to deny said indebtedness, inasmuch as he had placed the defendant Lowery in the position to obtain said livestock from the plaintiff, and in a position to negotiate said three checks to the plaintiff."

Appellant made timely objections to both of these conclusions on the ground that they were contrary to the evidence and the law since appellant did not receive the cattle. Although no bills of sale or other vouchers were introduced into evidence, appellee testified that he received the checks, which were drawn on the packing company account, in payment for cattle and sheep, to which no objection was made, and appellant Roberts himself testified that Lowery purchased cattle, slaughtered them and sold the meat from Valley Packing Company from and after the time he was hired in December, 1957. The evidence further shows that on several occasions, when ap-

pellant came from Colorado, Lowery showed him sales sheets and how much meat he was selling and also that appellant, upon being advised of the unpaid checks, went to appellee's auction barn in Albuquerque at which time appellee gave him copies of the sheets showing the purchases and sales made between appellee and Lowery.

While the record is lacking in specific proof as to whether Roberts d/b/a Valley Packing Company actually received or got the benefit of the cattle sold by appellee, it is clear that there was a sufficient showing of delivery to Lowery as agent to bind Roberts as principal.

It is the opinion of this court that the judgment of the lower court was based on the doctrine of equitable estoppel, having specifically found that defendant Roberts is estopped to deny the indebtedness inasmuch as he had placed the defendant Lowery in the position to obtain the livestock from the plaintiff. See 2 Am.Jur. 86, Agency, Sec. 104, where it is stated:

"* * * Accordingly, stating the rule as one of estoppel, where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has authority to perform a particular act and deals with the agent upon that assumption, the principal is estopped as against such third person from denying the agent's authority; he will not be permitted to prove the agent's authority was, in fact, less extensive than that with which he apparently was clothed. This rule is based upon the principle that where one of two innocent parties must suffer from the wrongful act of another, the loss should fall upon the one who, by his conduct, created the circumstances which enabled the third party to perpetrate the wrong and cause the loss."

The actual authority in this case was that Lowery draw checks on the packing company account as long as there was sufficient funds to cover them. As previously stated, the court below found this restriction not to be binding upon appellee who had no knowledge thereof. The secret or private instruction to an agent, however binding it may be as between the principal and his agent, can have no effect on a third person who deals with the agent in ignorance of the instructions, and in reliance on the apparent authority with which the principal has clothed him. New Mexico-Colorado Coal & Mining Co. v. Baker, 21 N.M. 531, 157 P. 167. Lowery, therefore, as far as appellee was concerned, had the apparent authority to draw the checks, as he had done on previous occasions. See Restatement of the Law of Agency, 2d, Secs. 194, 195.

The principle of equitable estoppel, set forth above, that where one of two innocent persons must suffer by the acts of a third, he who by his conduct, act or omission, has enabled such third person to occasion the loss must sustain it, is supported by an almost endless line of authorities, only a few of which are set forth here. Shephard v. Van Doren, 40 N.M. 380, 60 P.2d 635; Bank of Hatch v. Mossman, 25 N.M. 547, 158 P. 275; Ham v. Ellis, 42 N.M. 241, 76 P.2d 952; Raulie v. Jackson-Horne Grocery, 48 N.M. 556, 154 P.2d 231; Bailey v. Hoover, 233 Ky. 681, 26 S.W.2d 522; Harrison v. Auto Securities Co., 70 Utah 11, 257 P. 677, 57 A.L.R. 388; Meadows v. Hampton Live Stock Commission Co. et al., 55 Cal.App.2d 634, 131 P.2d 591; Ryan v. Spaniol et al., 10 Cir., 193 F.2d 551; 31 C.J.S. Estoppel § 103; 21 C.J. 1170.

Appellant contends, however, that estoppel is not available to appellee because (1) it was not pleaded, and (2) the elements of estoppel were not proven. In support of the first contention he cites Hoskins v. Talley, 29 N.M. 173, 220 P. 1007, and Garcia v. Leal, 30 N.M. 249, 231 P. 631, both of which deal with the availability of estoppel as a defense when not specially pleaded. Section 21-1-1(8)(c), New Mexico Statutes Annotated, 1953, provides that in pleading to a preceding pleading a party shall set forth affirmatively, among others, estoppel.

Exceptions to the above rule have been made where there has been no opportunity to do so, as in cases involving title to land, as set forth in the above two cases. Section 21-1-1(8)(a), supra, provides that a pleading which sets forth a claim must contain proper allegations of venue, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief to which he deems himself entitled. No specific charge is made on an original pleader to designate reliance on estoppel by name. In Chambers v. Bessent, 17 N.M. 487, 134 P. 237, defendant pleaded estoppel, and in this case and the others cited by appellant, in which the plaintiff's right to rely on estoppel was at issue, the determining factor was whether the allegations were sufficient to include the essential elements of estoppel. These essential elements, as set forth in 19 Am.Jur., Estoppel, Sec. 42, were enumerated by this Court in Westerman v. City of Carlsbad, 55 N.M. 550, 237 P.2d 356, 359, as follows:

"The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least

expectation, that such conduct shall be acted upon by the other party; [and] (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially."

■ So, then, we come to the question whether the essential elements of estoppel were sufficiently alleged by appellee to justify judgment in its favor on this doctrine. In Count II of the amended complaint appellee alleged that appellant was the owner of the Valley Packing Company; that he hired Lowery to manage his business; that as agent of appellant, Lowery issued checks on the company in the course of his agency, and that same remain unpaid and, under Count II as amended to conform to the evidence, that appellant was indebted to appellee for the amount of the checks. These allegations, supported by substantial proof, as the lower court found, would clearly indicate a case for the application of equitable estoppel. There is present a principal-agent relationship with authority in the agent to issue checks on the principal's business with the intention that payments thereby will be received by

third persons on that account with, at the very least, constructive knowledge thereof. Appellee had no means of knowing of any restriction between appellant and his agent on the manner of drawing the funds, and had he made further inquiries regarding appellant's interest in the business, his position could only have become more sound. He relied on the agent's apparent authority and suffered a loss thereby. In the case of Ham v. Ellis, supra, the complaint sought foreclosure of a mortgage secured by notes and asked judgment on notes and damages for the removal of improvements. This Court stated:

"* * * the lower court evidently based its conclusions on theories of equitable estoppel * * *. That under certain circumstances actions on the part of a person in cloaking an agent with apparent authority to represent the person in a certain manner may give rise to proper case for the application of the doctrines of estoppel cannot be doubted." [42 N.M. 241, 76 P.2d 959.]

The judgment of the lower court was not affirmed in that case on the ground that the doctrines of equitable estoppel could not be invoked against defendant because his authority as agent was dubious and the party relying upon estoppel had been confronted with such knowledge. But no mention was made of the essential ele-

ments of estoppel, nor sufficiency of the allegations in the pleadings. In the case of Raulie v. Jackson-Horn Grocery Company, supra, the plaintiff sued for recovery on account of certain produce purchased by the defendant. The defendant pleaded payment to the plaintiff's authorized agent who, after receiving payment, embezzled the money. There was a judgment on the findings and conclusions that plaintiff was estopped from claiming or collecting any further from the defendant on the basis of implied authority on the part of the agent to collect. On no more allegations than mentioned, judgment on the doctrine of equitable estoppel was affirmed, the court stating that an application of these principles of law to the rights of the parties establishes the correctness of the trial court's judgment.

For the reasons set forth, we think the trial court, on the pleadings and evidence in this case, correctly rendered judgment on the grounds of equitable estoppel; consequently, there is no need to answer the appellant's fourth point except insofar as it challenges the propriety of the amendment on debt to conform to the evidence.

While it is true that the record before us does not set forth appellee's motion to amend the complaint to include an allegation of debt, nor appellant's objection thereto, the record does show that when both sides rested there was oral argument on appellant's motion to dismiss the complaint and, in view of the Court's findings and conclusions of law, it is clear that it was during this oral argument that the motion to amend was made and granted and that appellant had ample opportunity to object to same. The oral argument before this Court established the same facts and we see no reason to disturb the lower court's decision in this regard in view of the wide latitude given district courts to amend pleadings to conform to the evidence under Section 21–1–1(15)(b), New Mexico Statutes Annotated, 1953.

We find no error in the record and the judgment should be affirmed with direction to the trial court to enter judgment against appellant and the sureties upon his supersedeas bond.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

MOISE & NOBLE, JJ., not participating.