487 P.2d 155

**STATE of New Mexico et al., Plaintiffs-Appellees,**

v.

**Alex C. DeBACA et al., Defendant-Appellant.**

No. 664.

Court of Appeals of New Mexico.

June 18, 1971.

**728**

Joseph A. Roberts, David Chavez, Jr., Chavez & Roberts, Santa Fe, for defendant-appellant.

Duane C. Gilkey, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for plaintiffs-appellees.

## OPINION

SPIESS, Chief Judge.

This appeal primarily challenges the sufficiency of the evidence to support findings of an agency relationship. The action involved the sale of a number of used cars to appellees (buyers) by one Donald Mussetter, the alleged agent of appellant, Alex C. DeBaca (Baca). In effecting the sales, Mussetter represented to the buyers that they would forthwith receive valid title certificates to the vehicles they had purchased, and warranted that the titles were free and clear of liens.

After sales had been effected to the buyers and they had financed unpaid balances of the purchase price with the plaintiff, First National Bank in Albuquerque (Bank) upon security of the vehicles, it developed that the certificates of title to the vehicles could not be obtained for buyers and the vehicles were repossessed from buyers. The buyers, joined by the bank, instituted this suit against Baca alleging that Mussetter was his agent in effecting the sales and in making the incidental false representations as to title. Damages were sought against Baca as the principal in the transactions.

The trial court specifically found upon conflicting evidence that " * * * Donald Mussetter, and other salesmen and representatives of the Heights Auto Mart, were agents of the defendant, Alex C. DeBaca, who was the principal in the operation of said Heights Auto Mart, a used automobile sales lot, * * *"

The question of whether an agency exists is ordinarily one of fact which may be established by direct or circumstantial evidence. State v. Kelly, 27 N.M. 412, 202 P. 524 (1921). See Kennedy v. Justus, 64 N.M. 131, 325 P.2d 716 (1958); Brown v. Cooley, 56 N.M. 630, 247 P.2d 868 (1952).

As we have stated, it is defendant's position that the evidence is insufficient to support the findings of an agency relation between Baca and Mussetter. In considering the merits of this contention, the evidence must be viewed in its most favorable light in support of the finding of agency, which we have quoted. Rutledge v. Johnson, 81 N.M. 217, 465 P.2d 274 (1970).

Considered in this light, the record discloses that prior to the occurrences involved in the suit, Baca had acquired the use of the particular location for the sale of automobiles; had painted, or repainted a sign indicating a business name for the location as "Heights Body Shop—Auto

Mart." Baca was a licensed automobile dealer under § 64–8–1, N.M.S.A.1953 (Repl.Vol. 9, 1969 Supp.). He likewise had procured the bond required by § 64–8–6, N.M.S.A.1953 (Repl.Vol. 9, 1969 Supp.). The bond was issued to Alex C. DeBaca, d/b/a "Heights Body Shop."

It does not appear that Mussetter, at any material time, was a licensed automobile dealer, nor that he had procured a bond as required by the statute. Dealer plates No. D–319, which had been issued to Baca, were used by Mussetter in the operation of the business. Temporary licenses bearing Baca's number D–319 were issued to buyers of vehicles by Mussetter and those participating in operating the sales lot during the time to which this action relates. The contract forms used in effecting sales bore the name Heights Body Shop. It is apparent from the record that Mussetter's sales activities were carried on under Baca's license.

The record further shows that on one occasion Baca stated that Mussetter was in his employment. While the record does contain other facts which lend support to the finding of agency, we think the foregoing in themselves substantially support the challenged finding.

■ Baca questions the sufficiency of the evidence to support a finding of express agency. The finding, which we have quoted, was not limited to express agency but included the existence of an implied agency, proof of which is generally found in the acts and conduct of the parties as distinguished from the introduction of a contract, written or oral, establishing the relationship. Cleveland v. Gabriel, 149 Conn. 388, 180 A.2d 749 (1962).

Baca next contends that the court erred in admitting testimony of declarations of the purported agent as to an agency relationship until a prima facie case of agency was established. A police officer was permitted to testify as to a conversation with Mussetter during which Mussetter stated that Baca was the owner and he, Musset-

ter, was the manager, and he was working for Baca.

■ This contention is not, in our view, supported by the record in that each of the matters which we have held furnish substantial support for the finding of agency had been presented to the court before the police officer testified as to the declaration. Consequently, prima facie evidence of agency had been presented before the declaration was received, which rendered it admissible in evidence. Jameson v. First Savings Bank & Trust Co. of Albuquerque, 40 N.M. 133, 55 P.2d 743 (1936).

■ Baca further argues that the trial court erred in failing to apply the rule that "* * * where a transaction is explainable upon either of two different theories, one of which is consistent with good faith and fair dealing, and the other involves fraud and deception, the explanation consistent with honesty and legality will be accepted unless the evidence clearly preponderates in favor of the illegal aspect of the transaction, * * *"

The question here is not whether fraud or deception was practiced on the part of Mussetter. Fraud and deception on his part was admitted. The issue is whether Mussetter was Baca's agent in effecting the several transactions to which reference has been made. It is clear that the trial court in finding an agency relationship as between Baca and Mussetter charged Baca with the responsibility for the acts of Mussetter. Nevertheless, the rule contended for by Baca is inapplicable here because, as we have stated, the issue was purely one of agency, and the responsibility of Baca for the wrongful acts of Mussetter was an incident of the relationship.

Baca next argues that

"THE COURT ERRED IN NOT FINDING THAT NO REPRESENTATIONS WERE MADE BEWEEN DEFENDANT [Baca] AND PLAINTIFFS." [Buyers]

The argument advanced under this point, as we understand it, should properly be directed against a finding of agency by estoppel. The trial court found, upon evidence which we have held to be substantial, that an agency relationship existed between Baca and Mussetter. We interpret this finding as meaning an agency in fact, as distinguished from one by estoppel.

■ Baca's third point is:

"THE COURT ERRED IN NOT FINDING THAT A SCHEME OR PLAN EXISTED IN THE MIND OF DONALD MUSSETTER TO DEFRAUD THE APPELLANT [Baca] AS WELL AS PLAINTIFFS." [Buyers]

Under this point Baca argues that the evidence supports a finding that a scheme or plan existed in the mind of Mussetter to create an illusion of a principal-agent relationship between Baca and Mussetter. A finding expressing this view was tendered to, and refused by, the trial court.

This contention, in our view, is without merit because the trial court found, as has been shown, the existence of an agency relationship between Mussetter and Baca. The trial court obviously did not believe that Mussetter simply created an illusion of a principal-agency relationship, but that one, in fact, did exist.

Baca's final point is that

"THE COURT ERRED IN NOT FINDING THAT TITLE TO THE MOTOR VEHICLES PASSED TO THE PLAINTIFFS AS A MATTER OF LAW."

Under this point it is argued that title to the vehicles was actually in the buyers in accordance with the language of the Commercial Code, § 50A–2–403(2) (3), N.M.S.A.1953 (Repl.Vol. 8, pt. 1).

"(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business

"(3) 'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law."

■ The sales to buyers were based upon representations that the Heights Auto Mart was the owner of the automobiles; that good and merchantable title would be delivered to buyers by Heights Auto Mart; that the State of New Mexico Motor Vehicle Department would forthwith issue to buyers valid certificates of title to the automobiles. Further, it was warranted that the automobiles were free and clear of liens. It was established that these representations were false and the title to the vehicles was actually in the entrustors and was subject to liens of others.

The buyers might, through incurring the expense of litigation with the entrustors, have acquired their rights in the vehicles. The rights or title so acquired, would nevertheless have been subject of liens of others, § 50A–9–307(1), N.M.S.A.1953 (Repl. Vol. 9, pt. 2). The statute relied upon by Baca, in our opinion, was not intended as a cure for false misrepresentation or breach of warranty, nor does the statute preclude buyers from repudiating the transaction on the ground of material misrepresentation and breach of warranty. We hold the section of the Commercial Code relied upon by Baca in no manner precludes this action, nor the judgment rendered by the trial court.

We have carefully considered authorities cited by Baca; in our opinion, they do not compel a conclusion different from that herein expressed. Buyers have requested this court to fix attorneys fees in their behalf covering representation of buyers in this court. No objection to such allowance or the right of this court to fix an amount is asserted by Baca.

The court does, therefore, award attorneys' fees to buyers in the sum of $1,000.00. The judgment of the trial court is affirmed and attorneys' fees in the amount stated is awarded to buyers.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.