600 P.2d 256

**TRANS UNION LEASING CORPORATION, Plaintiff-Appellee and Cross-Appellant,**

v.

**Paul HAMILTON and his wife, Bettie Hamilton, Defendants-Appellants and Cross-Appellees.**

**No. 12127.**

Supreme Court of New Mexico.

July 26, 1979.

Rehearing Denied Sept. 11, 1979.

Donald Brown, Alvin F. Jones, Roswell, for appellants.

Heidel, Samberson, Gallini & Williams, C. Gene Samberson, R. W. Gallini, Lovington, for appellee.

## OPINION

FEDERICI, Justice.

Appellee Trans Union Leasing Corporation (Trans Union) brought this action against appellants Paul and Bettie Hamilton for breach of an equipment lease contract and to foreclose on a real estate mortgage which Trans Union held as security for the Hamiltons' performance of the contract. The trial court directed a $57,000 verdict for Trans Union following Trans Union's presentation of its case and ordered foreclosure of Trans Union's mortgage on the Hamiltons' farm. The Hamiltons' counterclaim against Trans Union was dismissed. The Hamiltons appeal.

The Hamiltons are farmers in Lea County, New Mexico. Trans Union is an Illinois corporation which is in the business of financing equipment leases. In 1975 Mr. Hamilton contacted A.V.I., Inc. (AVI), a business in Muleshoe, Texas, regarding the purchase of an overhead sprinkling system for irrigating his crops. Mr. Biggerstaff, a salesman for AVI, presented several systems, including various prices and financial arrangements, to Mr. Hamilton, for his consideration. Hamilton ultimately chose to lease a system and in late October 1975, he gave Biggerstaff a $1,000 check, made out to AVI, as a good faith deposit. At the same time, Hamilton submitted a financial statement which was to be considered by Trans Union, the lessor.

On November 8, 1975, Hamilton wrote another check to AVI in the amount of $5,423.67 as the first payment on the lease. At this time Hamilton signed the lease contract with Trans Union which was prepared by Biggerstaff. Hamilton took the lease agreement home with him to obtain his wife's signature and then mailed the lease back to AVI, which in turn forwarded it to Trans Union.

On November 21, 1975, Trans Union notified AVI that it would approve the lease to the Hamiltons for the sprinkler system and all necessary pipeline and other equipment if the Hamiltons executed a mortgage on their farm to Trans Union; or, at the Hamiltons' option, they could lease only the sprinkling system from Trans Union without mortgaging their farm. The Hamiltons chose to lease the entire package. They executed a mortgage on their property the same day the sprinkler system was being delivered and installed.

The Hamiltons defaulted on their payment due January 15, 1977. Trans Union filed suit to collect the balance due under the contract and to foreclose on the mortgage.

At trial, out of the presence of the jury, the Hamiltons tendered their evidence relating to the negotiations between Hamilton and Biggerstaff of AVI. This evidence was offered in support of the Hamiltons' defenses and counterclaim against Trans Union. The trial court ruled that if the Hamiltons wished to present this evidence they should have joined AVI as a party. AVI was not joined as a party. The court stated that, as a matter of law, AVI was not an agent of Trans Union, therefore the evidence was inadmissible. Thereafter the court directed the jury to enter a verdict for Trans Union and ordered the mortgage foreclosed.

The only issue we consider is whether the trial court erred in determining that, as a matter of law, AVI and Biggerstaff were not agents of Trans Union. In arriving at this conclusion, the court would not permit the Hamiltons to introduce evidence to

prove agency or to prove negotiations between Hamilton and AVI unless the Hamiltons joined AVI as a party.

The Hamiltons contend that the trial court's rulings were improper. The Hamiltons' defenses and counterclaim were based on their negotiations with AVI's employee. The trial court's ruling prevented the Hamiltons from proving their claims.

Trans Union argues that the trial court's exclusion of evidence pertaining to the negotiations between AVI and Hamilton was proper. On several occasions the trial judge instructed the Hamiltons' counsel that if they wished to introduce evidence relating to AVI they should join AVI as a party to the lawsuit.

 The question of agency must be determined from all of the facts and circumstances in each case, along with the conduct and communications of the parties. *Lanier v. Securities Acceptance Corporation,* 74 N.M. 755, 398 P.2d 980 (1965); *Budagher v. Loe,* 70 N.M. 32, 369 P.2d 485 (1962); *Western Elec. Co. v. N.M. Bureau of Rev.,* 90 N.M. 164, 561 P.2d 26 (Ct.App. 1976); *State v. DeBaca,* 82 N.M. 727, 487 P.2d 155 (Ct.App.1971). In this case the facts pertaining to the existence or nonexistence of an agency relationship are conflicting; therefore, the question presented is one of fact for the jury. *See Sawyer v. Pioneer Leasing Corporation,* 244 Ark. 943, 428 S.W.2d 46 (1968).

We have found no authority, nor has Trans Union cited any, which supports the claim that in order to prove agency the agent must be joined as a party to the action. In this case the Hamiltons' defenses and counterclaim were directed toward Trans Union, not AVI. Whether or not AVI and its employee, Biggerstaff, were agents of Trans Union was a question of fact for the jury. If AVI or Biggerstaff are found to be agents of Trans Union, the Hamiltons' defenses against Trans Union should also be considered. The trial court erred in excluding evidence of agency.

In view of the result we reach we do not consider the other points raised by the Hamiltons on appeal.

The cause is reversed and remanded to the trial court for a new trial, consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, J., concur.