704 P.2d 454

**Phillip BOZZA and Karen Bozza, Individually, and as the Shareholders of Ruzzo-Bozza Trucking Company, and Ruzzo-Bozza Trucking Company, a New Mexico Corporation, Plaintiffs-Appellants,**

v.

**GENERAL ADJUSTMENT BUREAU, a New Mexico Corporation, Excess Insurance Company, Ltd., a Foreign Corporation, Market Finders, Inc., a New Mexico Corporation, and Mary Campos, Defendants-Appellees.**

No. 8048.

Court of Appeals of New Mexico.

June 27, 1985.

Eileen Paez, Law Offices of Daniel E. Duncan, Albuquerque, for plaintiffs-appellants.

Rodney L. Schlagel, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellees General Adjustment Bureau and Mary Campos.

Ronald W. Henkel, Roehl & Henkel, P.C., Albuquerque, for defendants-appellees Excess Ins. Co. and Market Finders, Inc.

## OPINION

BIVINS, Judge.

The plaintiffs, Phillip Bozza and Karen Bozza, individually and as shareholders of Ruzzo-Bozza Trucking Company (corporation), and the corporation brought suit against defendants claiming improper payment of insurance proceeds. From a summary judgment in favor of defendants, plaintiffs appeal.

The trial court ruled that:

1. Defendants did not owe any duty to Plaintiffs, Phillip Bozza and Karen Bozza, individually and as the shareholders of Ruzzo-Bozza Trucking Company, as a matter of law, and

2. [A]ny duty owed to Plaintiff Rozzo-Bozza Trucking Company, a New

Mexico corporation, was fulfilled by the Defendants as a matter of law.

At the summary judgment hearing, counsel for plaintiffs conceded that no duty was owed to the Bozzas individually, but argued a duty was owed to them as shareholders of the corporation. Plaintiffs have not pursued their individual or shareholder claims on appeal by argument or authority; therefore, any challenge to the first ruling is deemed abandoned. *Novak v. Dow*, 82 N.M. 30, 474 P.2d 712 (Ct.App.1970). In any event, the ruling is correct. *See Bank of New Mexico v. Rice*, 78 N.M. 170, 429 P.2d 368 (1967) (holding that one not a party to contract cannot maintain suit on it, and that a corporation and its shareholders are separate entities).

Thus, the primary issue on appeal focuses on the second ruling that any duty owed to the corporation was fulfilled by defendants as a matter of law. We must determine if a genuine issue of material fact exists which would preclude summary judgment. We hold one does.

The corporation was incorporated in May 1981. At that time the Bozzas and Ruzzos purchased a 1970 Kenworth truck in the name of the corporation and insured it with Excess Insurance Company, Ltd. (Excess). In June 1981, Bruce Ruzzo, president of the corporation, reported the truck stolen and filed a proof of loss on behalf of the corporation. Excess assigned the claim to General Adjustment Bureau (GAB), who, in turn, gave it to its adjuster, Mary Campos, to handle. After GAB had completed its investigation, two drafts, each in the amount of $7,375 and made payable to the insured, Ruzzo-Bozza Trucking, were delivered to Ruzzo in settlement of the claim. Ruzzo endorsed the drafts on behalf of the corporation and obtained in exchange from a bank two cashier's checks for like amounts also made payable to the corporation. Ruzzo then cashed these checks and absconded with the money. These facts appear to be undisputed.

What is controverted involves information made available to the defendants through Campos or directly prior to delivery of the settlement drafts. While the defendants call attention to affidavits and deposition testimony that reflect that Campos was only aware of internal corporate conflicts between Bozza and Ruzzo, as to which she had no "concern," an affidavit of Bozza suggests more. Bozza stated that he told Campos, prior to delivery of the drafts, that he was suspicious that Ruzzo was going to abscond with the insurance money and not to pay him. Bozza said he asked Campos to notify him when the drafts were ready so he could accompany Ruzzo to pick them up. He also said that he told Campos that he was placing the title to the truck with the corporate attorney, William Aldridge, and that she should contact the attorney if she needed the title in order to disburse funds.

Aldridge's affidavit states that he received the truck title from either Mr. or Mrs. Bozza, and then told Campos that he was the corporation's attorney and that the insurance proceeds were to be paid through his office. Aldridge said he confirmed this with Campos' supervisor. He said he was never contacted before delivery of the settlement drafts, but that Ruzzo had "wrongfully" taken the truck title from his office.

While defendants strenuously challenge the facts concerning these communications, the standard of review requires only that we determine if they raise genuine issues of fact, not whether they are true. Defendants recognize this, but contend that these facts are immaterial. We turn to the law to see if they are.

We are concerned with the law of agency. Defendants maintain that Ruzzo had apparent authority to act on behalf of and to bind the corporation. At all times material, Ruzzo was president; he reported the theft of the truck; he filed the proof of loss; and he dealt with and negotiated the settlement with Campos, all on behalf of the corporation. In *Tabet v. Campbell*, 101 N.M. 334, 681 P.2d 1111 (1984), the supreme court said, "[a]pparent authority is 'that authority which a principal holds his agent out as possessing *or permits him to exercise or to represent himself as pos-*

*sessing,* under such circumstances as to estop the principal from denying its existence.'" Id. at 1114 (emphasis in original) (citations omitted). In *Vickers v. North American Land Developments, Inc.,* 94 N.M. 65, 607 P.2d 603 (1980), the supreme court explained the basis for estoppel:

> The Doctrine of Apparent Authority is based upon an estoppel theory:
>
> > [T]he principal will not be permitted to establish that the agent's authority was less than what was apparent from the course of dealing for when one of two innocent parties must suffer, the loss must fall upon the party who created the enabling circumstances. (Citations omitted.)
>
> *Southwestern Portland Cement v. Beavers,* 82 N.M. 218, 221, 478 P.2d 546, 549 (1970).

*Id.* at 67, 607 P.2d 603.

We agree that the undisputed facts demonstrate that Ruzzo had apparent authority to act on behalf of the corporation initially, but did that change with the communication from Bozza and Aldridge? *Tabet v. Campbell* also says that a principal is bound by the actions taken under the apparent authority of its agent if the agent is in a position which would lead a reasonably prudent person to believe the agent possessed such apparent authority. The critical question here is whether defendants had notice or knowledge of limitations on Ruzzo's authority, or possessed information which required them to make further inquiry before delivering the drafts to Ruzzo.

*Restatement (Second) of Agency* Section 135 (1958) provides:

**When Third Persons Have Notice of Termination of Authority**

A third person to whom a principal has manifested that an agent has authority to do an act has notice of the termination of authority when he knows, has reason to know, should know, or has been given a notification of the occurrence of an event from which, if reasonable, he would draw the inference that the principal does not consent to have the agent so act for him, that the agent does not consent so to act for the principal, or that the transaction has become impossible of execution.

*Restatement, supra,* Section 136 provides that, unless otherwise agreed, there is notification by the principal to the third person of revocation of an agent's authority when the principal states that fact to the third person.

Here we have evidence that Bozza, vice president of the corporation, informed Campos that payment should not be delivered to Ruzzo. Also, there is the statement of Aldridge, who says he was corporate counsel, that the drafts should be delivered to him. This suffices, we believe, to raise a fact question as to whether defendants could still rely on Ruzzo's apparent authority, at least to the extent of receiving payment on behalf of the corporation.

Due diligence must be employed by a third person with an agent to ascertain the truth of the facts with reference to authority, and a total failure to make inquiry is not ordinarily consistent with reasonable prudence. *Anheuser-Busch, Inc. v. Grovier-Starr Produce Co.,* 128 F.2d 146 (10th Cir.1942). A person knowing of an agent's limited authority deals with the agent at his peril. *See Ham v. Ellis,* 42 N.M. 241, 76 P.2d 952 (1937).

Whether an agency exists is ordinarily a question of fact which may be established by direct or circumstantial evidence. *State v. De Baca,* 82 N.M. 727, 487 P.2d 155 (Ct.App.1971). We, therefore, hold that the trial court erred in deciding as a matter of law that defendants fulfilled its duty to its insured when it delivered the drafts to Ruzzo. In so holding, we are mindful that the corporation has not demonstrated the authority of either Bozza or Aldridge to countermand or limit the authority of the corporation's president. Nor have we overlooked the fact that Ruzzo converted the money after, not before, payment was made. We believe that these are questions which should be properly ad-

dressed by the trial court as issues of fact, not of law.

The authorities relied on by defendants do not conflict with the result we reach. In *City of Kiel v. Frank Shoe Manufacturing Co.*, 245 Wis. 292, 14 N.W.2d 164 (1944), the Supreme Court of Wisconsin reversed a money judgment against individual directors of a corporation who received money on behalf of the corporation without wrongdoing. There was no issue in that case concerning authority; only whether the individual directors could be held liable along with the corporation. The case of *Clibon Drilling Co. v. Wyoming Mineral Corp.*, 42 Colo.App. 41, 589 P.2d 78 (1978), which involved facts remarkably similar to those before us, relied on a Colorado statute to affirm summary judgment for defendant. The Colorado statute, identical to NMSA 1978, Section 46–1–2, relieves a person from responsibility who in good faith pays or transfers money or other property to a fiduciary "which the fiduciary as such is authorized to receive". "Fiduciary" includes an officer of a corporation. In *Clibon Drilling Co.* there was no issue as to the fiduciary's authority to receive the check; here there is.

■ Similarly, in *Savidge v. Metropolitan Life Insurance Co.*, 380 Pa. 205, 110 A.2d 730 (1955), also relied on by defendants, the insurance company was not notified or aware of any limitation of the agent's authority when it paid the proceeds under a life policy, and the principal ratified the acts of her agent in collecting the proceeds. We agree with the holding of that case that payment to an authorized agent is payment to the principal, but the agent must be authorized to collect.

■ Finally, defendants GAB and Campos assert that the duty owed the insured corporation was fulfilled when the settlement checks were picked up by Ruzzo. In claiming the duty should not extend beyond that, defendants rely on *Douglass v. Mutual Beneficial Health & Accident Ass'n.*, 42 N.M. 190, 76 P.2d 453 (1937). That case supports the principles we apply here that one is required to know the agent's authority. While a principal may be bound by apparent authority of his agent, it does not follow that the principal is bound by acts exceeding that authority, when the third person is made aware of the limitations. That is the issue in the present case, and one which must be resolved by the fact finder.

■ As stated in *Sterling v. B. & E. Constructors, Inc.*, 74 N.M. 708, 397 P.2d 729 (1964), a third person dealing with an agent is not bound by any limitations or restrictions placed upon the agent by the principal of which he has no notice. *See also South Second Livestock Auction, Inc. v. Roberts*, 69 N.M. 155, 364 P.2d 859 (1961); *New Mexico-Colorado Coal & Mining Co. v. Baker*, 21 N.M. 531, 157 P. 167 (1916). The corollary to that rule is that the third person may be bound by limitations and restrictions of an agent's authority as to which he does have notice.

The corporation argues that a conspiracy existed between Campos and Ruzzo to defraud the corporation. We have examined the second amended complaint and can find no allegations of a conspiracy. *Las Luminarias of the N.M. Council of the Blind v. Isengard*, 92 N.M. 297, 587 P.2d 444 (Ct. App.1978), sets out the requirements for conspiracy. None have been alleged. Plaintiffs refer to a grudge by Campos against Bozza. The first cause of action appears to allege a breach of contract in delivering the insurance payment to Ruzzo. The second cause of action against GAB alleges negligent handling of the claim by Campos, and the third cause of action makes essentially the same claim against Campos, and attempts to invoke the Unfair Insurance Practices Act, NMSA 1978, Sections 59–11–9 to –22, as to which no private remedy is recognized. *State Farm Fire and Casualty Co. v. Price*, 101 N.M. 438, 684 P.2d 524 (Ct.App.1984).

Since the matter must be remanded, we simplify the issues. First, only the corporation has a cause of action. Second, that cause of action is for breach of contract in allegedly failing to pay the insurance pro-

ceeds to the insured corporation. The specific issue is whether delivery of the drafts to the president constitutes payment to the corporation. The determination of that question lies with the authority of Ruzzo to receive delivery. Any restrictions or limitations in Ruzzo's authority must have been the act of the corporation, not just other officers or attorneys acting on their own or for others. The notice of limitations or restrictions must have been from the corporation itself and of a nature that would have caused a reasonable prudent person to make further inquiry before making payment to the agent. Finally, and even if it is found that prudence would have dictated further inquiry, before defendants can be held liable to pay the claim twice, the fact finder must find that their actions caused the loss.

Defendants Excess and Market Finder argue that the direct claims against them as well as the claim for punitive damages have been settled even if the case is reversed for trial on the merits. As to the punitive damage claim, the trial court did not reach that issue since it dismissed on the question of liability. Defendants may invoke a ruling if they wish. As to the direct claim of liability, we fail to see where this makes any difference. Whether defendants had notice or knowledge of any restrictions or limitations on Ruzzo's authority, directly or through Campos, would not matter. We do not understand that defendants deny Campos was acting as their agent in the adjustment of the claim.

Finally, with respect to plaintiffs' appeal from the protective order, this is not a final appealable order, and this court has no jurisdiction at this time to consider it.

We reverse the summary judgment and remand for trial on the merits of the issue herein delineated. Plaintiff corporation may recover its costs of appeal.

IT IS SO ORDERED.

DONNELLY, C.J., and NEAL, J., concur.