Mr. Justice Sutton
delivered the opinion of the Court.
This writ of error concerns questions stemming from a replevin action involving five shares of corporate stock. The parties are here in the order of their appearance in the trial court, wherein plaintiff in error, Joseph M. Brennan, was plaintiff, and defendants in error, the City and County of Denver and Frank Conry, Clerk of the Denver District Court, were defendants. The parties will be referred to by name or as they were designated in the trial court.
The action was instituted against defendants to obtain possession of certificate No. 55 representing five shares of capital stock issued by the Rock Wool Insulating Company. The certificate was in the possession of defendant Conry, as Court Clerk, by virtue of an order of the Denver District Court. The complaint is in two counts: The first is grounded on the claimed ownership of the certificate in plaintiff and his right to the possession thereof; and the second is an alternative claim for damages for $10,000.00.
Defendant City and County of Denver filed its motion to dismiss for failure to state a claim upon which relief could be granted and Conry filed his motion for summary judgment which was later amended. The trial court granted both motions and entered judgment in favor of the defendants.
Three questions are raised for this Court’s consideration, only two of which we need to consider, viz:
(1) Did the complaint state a claim against the defendant City and County of Denver upon which relief could be granted? And, (2) Had plaintiff’s alleged own *217 ership of the stock been heretofore determined by a court of competent jurisdiction, thus rendering the matter res judicata?
The first question is answered in the negative. Necessary allegations in a complaint in replevin are set forth in Rule 104, R.C.P. Colo., and have not been met here. And see: 46 Am. Jur. § 92. The complaint in the instant case is silent as to any participation by defendant City in the purported wrongful conduct suggested in the complaint. In addition, plaintiff’s affidavit attached to the complaint, fails to allege any wrongdoing on the part of the City. In the absence, then, of a claim against the City, the trial court was correct in granting the motion to dismiss.
 The second question is answered in the affirmative. Certified copies of judgments entered in several previous cases against plaintiff, concerning, in part, his alleged interest in the stock in question were made a part of the Clerk’s amended motion for summary judgment. In fact, the record shows that the issue of Brennan’s ownership has not only been finally determined in the state courts but that Brennan has also previously litigated in federal courts with various parties about this matter twelve different times, and, has been enjoined by the United States District Court of Colorado from filing any further such actions without first securing approval of the presiding judge of that court. The latter procedure is one the Colorado trial court might well emulate under the circumstances demonstrated here. We find then that the question of plaintiff’s interest in the stock is res judicata in a rather overwhelming fashion. In Colorado the defense of res judicata may be raised and disposed of by summary judgment. Kaminsky v. Kaminsky, 145 Colo. 492, 359 P.2d 675 (1961).
The judgment is affirmed.