## No. 21678.

Joseph M. Brennan *v.* Charles E. Grover and John E. Gorsuch, etc., et al.

(404 P.2d 544)

Decided August 2, 1965.   Rehearing denied August 30, 1965.

Joseph M. Brennan, pro se.

Gorsuch, Kirgis, Campbell, Walker and Grover, pro se, and for the other defendants in error.

C. E. Eckerman, Charles E. Grover, for Gorsuch, Kirgis, Campbell, Walker and Grover.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

Plaintiff in error, Brennan, plaintiff in the trial court, seeks relief in a pro se appearance by writ of error from a dismissal on motion of his complaint in which he sought to replevy certain corporate stock certificates from the defendants in error.

On previous occasions Brennan unsuccessfully litigated title to certain stock certificates in the Rock Wool Insulating Company in both the Colorado State and United States Courts of Colorado. His present contention, however, in essence is that he can maintain an action in replevin for the stock against certain of the attorneys of the parties previously sued as well as against several unknown persons. He claims, among other things, that the dismissal of his complaint on motion denies him due process of law; and, he further alleges that the trial court could not properly consider the results of other independent actions wherein it was determined Brennan had no title to the stock in question. We note that none of the parties previously held to be owners of the stock is named as a party defendant in this action.

One difficulty with Brennan's briefs and argument here is that none of his cited authorities applies to the facts of this case for reasons that hereinafter appear.

In *Brennan v. City and County of Denver, et al.,* 156 Colo. 215, 397 P.2d 876 (1964) in regard to Brennan's claim of ownership of the certificates in question we stated in part:

"* * * the record shows that the issue of Brennan's ownership has not only been finally determined in the state courts but that Brennan has also previously litigated in federal courts with various parties about this matter twelve different times, and, has been enjoined by the United States District Court of Colorado from filing any further such actions without first securing approval of the presiding judge of that court. * * * We find then that the question of plaintiff's interest in the stock is res judicata in a rather overwhelming fashion."

Preceding the instant action in the District Court of the City and County of Denver, in a separate case (Civil Action No. B-45641) decided June 24, 1963, it appears that it was determined that Brennan had no interest in the Rock Wool Insulating Company "and that the Defendants (one of whom was Brennan) be and they hereby are enjoined from making any such claim." Nevertheless, Brennan proceeded by this District Court action in replevin (Civil Action No. B-76366), to sue the attorneys of the parties in Case No. B-45641 and was later found in contempt of court in so doing. His thirty day jail sentence was indefinitely postponed on condition that he desist in his actions and dismiss No. B-76366 — this replevin action. This he has refused to do.

Obviously, the current suit is an unwarranted collateral attack upon the judgment in Civil Action No. B-45641 as previously decided in the trial court and upon earlier judgments which have finally and conclusively determined title to the stock.

A losing party cannot re-litigate the issue of title to property previously decided against him by using the devious route of suing his previous opponent's attorneys to obtain the property. A judgment is not subject to collateral attack where the court had jurisdiction of

the subject matter and the parties. 30A Am. Jur., *Judgments* § 844; 49 C.J.S., *Judgments* § 401; *Cherry Hill v. The Benevolent League of Colorado Travelers Ass'n.*, 133 Colo. 349, 295 P.2d 231 (1956).

█ A collateral attack on a judgment has been defined as "an attempt to avoid, defeat or evade it, or deny its force and effect, in some incidental proceeding not provided by law * * *." 49 C.J.S., *Judgments* § 408b.

█ As to Brennan, his claim to title to the stock certificates in question has long been res judicata and his replevin action against the winner's attorneys is both vexatious and harassing. It is clearly at odds with the doctrine of res judicata which is meant to put an end to strife and litigation once the parties have had a judicial determination of their controversy. Although res judicata is usually effective only between parties to former actions governing the same subject matter, we hold that it also encompasses the attorneys of the parties to such prior litigation, who were not parties thereto and had no personal interest in the litigation, such as under the circumstances of this case where it has previously been determined that Brennan had no title to the stock he seeks to replevy. See: *Hudson v. Western Oil Fields*, 150 Colo. 456, 374 P.2d 403 (1962); and compare: 30A Am. Jur., *Judgments* § 431 and cases cited therein and annotated cases cited in 137 A.L.R. 586 et seq. The trial court thus was eminently correct in applying this doctrine to the instant suit and in holding Brennan in contempt of court for filing and pursuing this action.

In the future Brennan should be enjoined by the trial court from bringing any further or additional actions of any kind in regard to his now voided claim of ownership of the stock certificates without first securing the written consent thereto of the presiding judge of the Denver District Court and making his appearance by a duly licensed Colorado attorney.

Affirmed.