488 P.2d 103 (1971)
Pat MURPHY, Plaintiff in Error,
v.
NORTHERN COLORADO GRAIN CO., Inc., a Colorado corporation, Defendant in Error.
No. 71-168, (Supreme Court No. 24481.)
Colorado Court of Appeals, Division II.
August 17, 1971.
Gibson, Gibson, Gerdes & Campbell, Paul J. Gerdes, Colorado Springs, for plaintiff in error.
Smith, Bohlender, Rucker & Venable, Edward Olin Venable, Greeley, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was transferred from the Supreme Court pursuant to statute.
Pat Murphy, a farmer, purchased a load of milo grain from Northern Colorado Grain Company, Inc. Murphy fed the grain to his turkeys and, afterwards, some of the turkeys died and others failed to gain weight. Murphy believed that the loss of his turkeys was caused by excessive moisture content in the milo and refused to pay the purchase price of the grain. The disputes between the parties arising from the sale and the subsequent events culminated in two separate civil actions.
The first action was brought by Ace Adjustment Company, as assignee of the grain company, to recover from Murphy the unpaid purchase price. Murphy answered, and, as an affirmative defense, alleged that the grain was of such inferior quality as to be useless, and damaging to his turkeys. Upon trial, the court found that Murphy failed to establish that the grain was defective, and entered a judgment in favor of Ace Adjustment Company. Murphy did not appeal, but paid the judgment.
Thereafter, this action was commenced by Murphy against Northern Colorado Grain Company. Murphy alleged that the grain he had purchased from the defendant was defective, and that he was damaged thereby. The trial court, on defendant's motion, granted summary judgment, dismissing the action on the merits. Murphy seeks reversal.
We hold, as the trial court did, that the final adjudication, adverse to Murphy in the first action, operates to bar Murphy *104 from maintaining the second action in which he attempts to relitigate issues which were conclusively settled by the prior judgment.
The issue as to the conformity of the grain to the contract of sale is identical in both cases. The issue was determined in the first case by a final judgment on the merits, and that judgment is binding and conclusive upon the parties to that case under the doctrine of res judicata.
Murphy contends that the doctrine of res judicata is not available as a defense to the second case because Northern Colorado Grain Company, the party asserting the plea, was not a party to the first case, nor in privity with a party to that action. Although support is found in older cases for this contention that res judicata is available only to parties to the prior action and their privies, and that the estoppel of the judgment must be mutual, the more modern cases do not so limit the estoppel created by a final judgment. The estoppel of a prior judgment may not be asserted against a party to a subsequent action unless he was a party, or in privity with a party to the prior litigation. However, it is not required that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation which finally determined the identical issue sought to be relitigated. Brennan v. Grover, 158 Colo. 66, 404 P.2d 544; see also, Bernhard v. Bank of America National Trust & Savings Ass'n., 19 Cal.2d 807, 122 P.2d 892; Coca-Cola Co. v. Pepsi-Cola Co., 36 Del. 124, 172 A. 260; and Annot., 31 A.L.R.3d 1044.
An explanation of the rule announced in these cases is found in Bernhard v. Bank of America National Trust & Savings Ass'n, supra:
"Many courts have stated the facile formula that the plea of res judicata is available only when there is privity and mutuality of estoppel. [citing cases] Under the requirement of privity, only parties to the former judgment or their privies may take advantage of or be bound by it. * * * A party in this connection is one who is `directly interested in the subject matter, and had a right to make defense, or to control the proceeding, and to appeal from the judgment.' [citing cases] A privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase. [citing cases] The estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him. [citing cases]
"The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. [citing cases] He is bound by that litigation only if he has been a party thereto or in privity with a party thereto. * * There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.
"No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend. [citation] Many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. [citing cases] The commentators are almost unanimously in accord. [citing law journals]"
The judgment is affirmed.
COYTE and PIERCE, JJ., concur.