**Patricia J. HANLEY and Judy Hanley, Plaintiffs,**

v.

**FOUR CORNERS VACATION PROPERTIES, INC., et al., Defendants.**

**Civ. A. No. C–3829.**

United States District Court, D. Colorado.

Aug. 16, 1972.

Berge, Martin & Clark, Harry M. Williams, Denver, Colo., for plaintiffs.

Hamilton, Hamilton & Shand, Durango, Colo., for defendants.

## OPINION AND ORDER

CHILSON, District Judge.

The subject matter of this litigation is a judgment entered on May 10, 1971, by the District Court of Archuleta County, Colorado, in three consolidated cases (C–992, C–1097 and C–1081).

That judgment determined that "Four Corners Vacation Properties, Inc." (Four Corners) was the owner and entitled to the possession of certain lands in Archuleta county and that all claims of the defendants, Patricia J. and Judy Hanley (Hanleys), to said lands "are without merit, and defendants are forever barred and enjoined from exerting any claim or title to said lands."

No appeal was taken from the judgment and time for appeal has expired.

This action is a collateral attack upon that judgment and prays a declaration by this court that the Hanleys are the owners of the property and that Four Corners holds only an equitable lien thereon.

The matter is before the court on an agreed statement of facts which we here set forth:

"In 1965 the lands which are in dispute in this action were acquired by Judy Hanley and Patricia Hanley, subject to a purchase money trust deed granted to Luther Lee. In 1967 The Federal Lumber Co. filed a mechanic's lien covering the lands for materials supplied for improvement of the property and thereafter commenced an action against G. A. Hanley, Judy Hanley and Patricia J. Hanley, in the District Court in and for Archuleta County, State of Colorado, to foreclose that lien. A judgment by default was entered in that action in pursuance of which in September of 1968, a sheriff's sale of these lands was held.

"In October of 1969, The Federal Lumber Co. obtained a sheriff's deed pursuant to its foreclosure sale. In September of 1969, the beneficiary under the purchase money trust deed commenced foreclosure of the trust deed. On April 23, 1970, the redemption period for this foreclosure would have expired.

"To protect its interests in the property, on March 13, 1970, Four Corners Vacation Properties, Inc., who had succeeded to the interests of The Federal Lumber Co., redeemed from the Luther Lee foreclosure as an owner.

"In April of 1970, Four Corners Vacation Properties, Inc. commenced two actions in Archuleta County District Court. The first asked for the possession of the lands and the second was a quiet title action asking that the title be quieted in it. These two actions were ultimately consolidated for the purpose of hearing and trial with the original mechanic's lien foreclosure.

"On June 29, 1970, the District Judge held a pre-trial conference. A copy of the pre-trial order is attached hereto.

"In the pre-trial order the District Judge required the Hanleys to tender into Court the amount of The Federal Lumber Company judgment plus the amount which Four Corners had paid to redeem from the foreclosure sale under the Luther Lee trust deed plus interest at six per cent per annum on each amount. The Court required that this deposit be made on the day of trial which was set for August 4, 1970. Thereafter, on the application of the Hanleys, the trial setting was postponed to September 2, 1970, and the time for deposit was changed to August 19, 1970.

"The money was not deposited in Court. About that time the Hanleys commenced a proceeding for real property arrangement in Bankruptcy

Court in Las Vegas, Nevada, and that court issued a stay order to the Archuleta County District Court. Subsequently, when this order was vacated upon three days' notice to the Colorado counsel for the Hanleys, the District Court of Archuleta County entered judgment by default in favor of Four Corners Vacation Properties, Inc. A copy of this is attached to the defendants' answer."

The parties agree that the initial question for this Court's determination is whether or not the judgment of the State Court is subject to collateral attack. Hanleys assert that the judgment is void and is subject to collateral attack and the defendants contend to the contrary.

■ The rule almost universally recognized and the rule which has long been adopted by the Colorado Supreme Court is that a judgment is not subject to collateral attack when the court had jurisdiction over the subject matter and the parties.

In Brennan v. Grover, 158 Colo. 66, 404 P.2d 544, the Court said:

"A losing party cannot re-litigate the issue of title to property previously decided against him by using the devious route of suing his previous opponent's attorneys to obtain the property. A judgment is not subject to collateral attack where the court had jurisdiction of the subject matter and the parties. 30A Am. Jur., Judgments § 844; 49 C.J.S. Judgments § 401; Hill v. Benevolent League of Colorado Travelers Ass'n, 133 Colo. 349, 295 P.2d 231 (1956)."

In French v. Terriere, 153 Colo. 326, 386 P.2d 352, the Court stated:

"We recognize the rule of law that void judgments are subject to collat-

eral attack. A void judgment is defined as a simulated judgment devoid of any potency because of jurisdictional defects only. Davidson Chevrolet v. Denver, 138 Colo. 171, 333 P. 2d 1116. Where a court has jurisdiction of the parties and the subject matter, its judgment is not void and its validity cannot be questioned by collateral attack. Hill v. Benevolent League of Colorado Travelers Ass'n, 133 Colo. 349, 295 P.2d 231."

■ Obviously the State Court had jurisdiction of the subject matter which was the ownership and possession of real property located in Archuleta County, Colorado.

It is equally clear that the State Court had jurisdiction of the Hanleys who appear in the consolidated cases in the State Court and, through their attorney, participated in the pre-trial conference which preceded the entry of the judgment in question.

After the judgment was entered the Hanleys moved to vacate the judgment and when this motion was denied, they applied to the Colorado Supreme Court for a writ of prohibition which was denied.

Since the State Court had jurisdiction of the parties and the subject matter of the action at the time of the entry of the judgment, the judgment is not subject to collateral attack and this action should be dismissed.

It is therefore ordered that judgment of dismissal of the complaint be entered forthwith and that defendants have judgment for their costs to be taxed by the Clerk of the Court upon the filing of a Bill of Costs.