Patricia J. HANLEY and Judy Hanley, Plaintiffs-Appellants,

v.

FOUR CORNERS VACATION PROPERTIES, INC., et al., Defendants-Appellees.

No. 72-1652.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted March 27, 1973.

Decided June 7, 1973.

Rehearing Denied June 27, 1973.

---

**2.** Repealed since the offense in question.

3. *See* 21 U.S.C. § 801 et seq.

Harry M. Williams, Berge, Martin & Clark, Denver, Colo., for plaintiffs-appellants.

E. B. Hamilton, Jr., Hamilton, Sherman, Hamilton & Shand, P. C., Durango, Colo., for defendants-appellees.

Before PICKETT, HILL and BARRETT, Circuit Judges.

PICKETT, Circuit Judge.

The Hanleys seek relief from a state court judgment foreclosing their rights to real property, which judgment they claim is void under the due process clause of the Fourteenth Amendment to the federal Constitution. The basis for the claim is that the Hanleys were not served in a mechanic's lien foreclosure action through which the appellee's predecessor in interest obtained title. One of the defenses to the complaint filed herein was that the due process issue was fully litigated in a subsequent suit to quiet title culminating in a judgment disallowing the Hanley claim and quieting title in Four Corners. On stipulated facts the trial court, 349 F.Supp. 229, sustained the defense of res judicata.

In 1967 the Hanleys were owners of real property in Archuleta County, Colorado, subject to a purchase money trust deed in favor of Luther Lee. Later, the Federal Lumber Company filed a mechanic's lien on the land for materials supplied for improvement of the property. In due course a proceeding was instituted to foreclose the lien and following a default judgment the lands were sold to the lienholder and a sheriff's deed duly issued. Thereafter, foreclosure of the Lee trust deed was instituted. In the meantime, Four Corners had acquired title to the land and before the expiration of the statutory redemption period redeemed in the trust deed foreclosure proceedings by paying the amount due and was issued a public trustee's certificate of redemption. After the redemption, Four Corners brought an action to quiet title against defendants claiming an interest in the property, including the Hanleys. In this quiet title action Four Corners alleged that it had acquired the property from Federal Lumber Company; that it had paid the amount due on the trust deed; and demanded that the Hanleys be required to tender into court the amount

necessary to redeem the lands before they could defend. The Hanleys were personally served and by answer alleged that the defendant Judy Hanley had not been served with process in the mechanic's lien foreclosure, and that the same was void. They also alleged that they should not be required to deposit the redemption money before they were permitted to defend. Following a pretrial conference, the trial court in the quiet title action entered an order requiring the Hanleys to deposit with the clerk of that court, on or before a specified date, the amount necessary to redeem the property.[1] The amount required to be deposited was not paid as ordered and the court entered a default judgment against the Hanleys quieting title to the lands in Four Corners. No appeal was taken from that judgment. Thereafter, in an original proceeding in the Supreme Court of Colorado, the Hanleys sought a writ of prohibition to prevent the enforcement of the default judgment and to require that the case be set for trial on its merits. The Supreme Court held that the writ was not available because the issues presented should have been raised on a direct appeal. This action was then brought in federal court raising the same issues that arose in the quiet title action.

The essence of the Hanley claim is that the mechanic's lien foreclosure was void and subject to collateral attack because of the lack of service of process on one of the Hanleys, and that they were prevented from presenting the due process question in the quiet title action because of the requirement that the amount of the redemption moneys be deposited before they were permitted to proceed. It is fundamental that due process requires notice in any proceeding with an opportunity to appear and be heard before a valid final judgment may be entered. A judgment entered without adequate notice to the parties is void and subject to collateral attack. Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1964); Mullane v. Central Hanover Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). It is equally well settled that where the issue of due process has been litigated and a final judgment entered, the determination of that issue, right or wrong, is res judicata. American Surety Company v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923);[2] Lavasek v. White, 339 F.2d 861 (10th Cir. 1965).

In the quiet title action the Hanleys appeared and answered. The issues in that case and the one at bar are identical. The state court had jurisdiction of the parties and the subject matter. An adequate remedy was available through the state appellate process. The pleadings raise the constitutional issues of the validity of the mechanic's lien judgment for lack of notice, together with the right of the trial court to require a deposit of the redemption moneys before the defense was permitted to proceed. An adjudication of these constitutional issues was subject to review by the Supreme Court of Colorado, and the Supreme Court of the United States if necessary. The Hanleys have had their day in court on these issues and a final judgment entered thereon. They cannot relitigate them in federal court.

Affirmed.

---

1. There is no contention here that Four Corners does not have a lien on the property for the amount necessary to satisfy the liens.

2. In Rooker, the Court said:
"If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication." 263 U.S. at 415, 44 S.Ct. at 150.