523 P.2d 479 (1974)
Jack McGARY, Plaintiff-Appellant,
v.
ROCKY FORD NATIONAL BANK, and H. Lee Sturgeon, Defendants-Appellees.
No. 73-139.
Colorado Court of Appeals, Div. I.
February 13, 1974.
Rehearing Denied March 5, 1974.
*480 Cogswell & Cox, Jonathan C. S. Cox, Denver, for plaintiff-appellant.
Mendenhall & Mendenhall, Cover Mendenhall, Rocky Ford, for defendant-appellee Rocky Ford Nat. Bank.
Guy A. Hollenbeck, Boulder, for defendant-appellee H. Lee Sturgeon.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiff, McGary, as successor in interest to all the assets of Newmeyer, Klecker and McGary, a partnership, brought this action against the Rocky Ford National Bank and its president, Sturgeon, to recover damages for the alleged conversion by the Bank of wool belonging to plaintiff, and for fraud. Defendants filed motions for summary judgment, which were granted by the trial court. Plaintiff appeals from the resultant judgment dismissing his complaint. We affirm.
The facts disclosed by the record are undisputed. In March 1967 the partnership delivered wool to Rocky Ford Wool Industries, Inc., which then pledged the wool to the Bank as security for loans made by the Bank to Wool Industries. Because Wool Industries was having financial difficulties in July 1967, representatives of that company, the bank, and the partnership executed an agreement under which the Bank was to sell the wool and apply the proceeds to its loan, and Wool Industries agreed to distribute $30,000, out of money received from another lender, to the partnership and other growers on a pro rata basis. The balances then due all creditors, including the Bank, were to be paid in installments. Pursuant to this agreement the partnership received $7,628 in cash and a note from Wool Industries for the balance due, payable in five annual installments.
After Wool Industries defaulted on some of the installments, the partnership sued the president of Wool Industries for conversion of the wool and for fraud. In that case judgment was entered in favor of the defendant after a trial to the court. The court, in its decree, stated,
"The Court is of the opinion that after Plaintiff was advised at a meeting, of the financial condition of Rocky Ford Wool Industries, Inc., and with knowledge of this fact, accepted, for the obligations owing to it, the Repayment Agreement ... and the Promissory Note of Rocky Ford Wool ... together with payment of $7,800.10 on or about March 15, 1968, that it entered into an accord and satisfaction by allowing these new obligations to replace its old obligations, and third parties, such as defendant, are entitled to the benefit of this accord and satisfaction."
That judgment was not appealed, and, as the present record discloses, the facts relied on in that action by plaintiff's predecessor are the same as those alleged by the plaintiff in this case and relied on here.
In granting the summary judgment in the present case, the trial court ruled that the claim based on fraud was barred by the three year statute of limitations, C.R.S. 1963, 87-1-10, and that under the doctrine of res judicata the judgment against plaintiff's predecessor in interest barred plaintiff from maintaining for the second time an action on the same claims. We agree.
First, it is undisputed that the alleged fraudulent acts occurred more than three years prior to the bringing of this action and there is no claim that the alleged fraud was not discovered until a later date. Dismissal of the fraud claim was proper.
Second, the facts of this case bring it squarely within the rule set forth in Murphy v. Northern Colorado Grain Co., 30 Colo.App. 21, 488 P.2d 103, wherein we held that although a prior judgment may not be asserted against a party in a subsequent action who was not a party, or in privity with a party to the prior action, "it is not required that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier *481 litigation which finally determined the identical issue sought to be relitigated." See Brennan v. Grover, 158 Colo. 66, 404 P.2d 544.
In the present action plaintiff is in privity with the plaintiff partnership in the first action, and the issues raised by the present complaint are the identical issues determined by the final judgment in the first case after a trial on the merits. The former judgment is binding and conclusive on plaintiff, and he is therefore estopped from relitigating those issues by the mere expediency of naming other defendants than those before the court in the prior action. Yellow Cab, Inc. v. Malibu Motor Hotel, Inc., 172 Colo. 349, 473 P.2d 710; Murphy v. Northern Colo. Grain Co., supra.
We have examined the other issues raised by appellant and find them to be without merit.
Judgment affirmed.
COYTE and SMITH, JJ., concur.