589 P.2d 78 (1978)
CLIBON DRILLING COMPANY, Plaintiff-Appellant,
v.
WYOMING MINERAL CORPORATION and General Insurance Company of America, Defendants-Appellees.
No. 78-064.
Colorado Court of Appeals, Div. I.
December 28, 1978.
*79 Victor F. Crepeau, Denver, for plaintiff-appellant.
Holland & Hart, John D. Fognani, Britton White, Denver, for defendant-appellee Wyoming Mineral Corp.
Yegge, Hall & Evans, Richard A. Hanneman, Denver, for defendant-appellee General Ins. Co. of America.
COYTE, Judge.
Plaintiff appeals from a summary judgment granted in favor of defendants. We affirm.
Gene Clibon was the principal owner of Clibon Well Drilling Company and entered into a contract to do custom drilling for defendant Wyoming Mineral Corporation. Subsequently, Gene Clibon entered into an agreement with Morris Replin, forming the plaintiff, Clibon Drilling Company. Gene Clibon was the manager and operator of the new company and also a director, the vice-president, and a stockholder of the new company. He then assigned the drilling contract with Wyoming Mineral Corporation to the new corporation. Problems among the parties involved in the corporation developed shortly after the new corporation was formed, and Wyoming Mineral Corporation was instructed to forward the check owed to Clibon Drilling Company to a Denver Post Officer Box number instead of to Clibon's Post Office Box number in Castle Rock. However, the check was mailed to the Castle Rock box number, where Gene Clibon received the check, deposited it in his personal account, and used the proceeds to pay company bills and his own personal obligations.
Plaintiff company had a fidelity bond issued by defendant General Insurance Company of America which was in the amount of $20,000 and covered Gene Clibon. The insuring agreement of the bond obligated the company to pay for loss of money if the loss was:
"Sustained through larceny, theft, embezzlement, forgery, misappropriation, *80 wrongful abstraction, willful misapplication, or other fraudulent or dishonest acts committed by Gene Clibon . . ."
Plaintiff brought this action to recover the amount misapplied by Gene Clibon and both defendants filed answers and motions for summary judgment which were granted by the trial court. On appeal plaintiff contends that the court erred in granting summary judgment since there were issues of fact to be decided by the court. We agree with the trial court.

Claims Against Wyoming Mineral Company
Section 15-1-105, C.R.S.1973, provides that:
"A person who in good faith pays or transfers to a fiduciary any money or other property which the fiduciary as such is authorized to receive is not responsible for the proper application thereof by the fiduciary; and any right or title acquired from the fiduciary in consideration of such payment or transfer is not invalid in consequence of a misapplication by the fiduciary."
Section 15-1-103(2), C.R.S.1973, defines "fiduciary" to include an officer of a corporation, public or private.
Here, during the pertinent period, Gene Clibon was admittedly an officer, and thus a fiduciary of Clibon Drilling Company and as such was authorized to receive the check from Wyoming Mineral. There is no issue raised as to the good faith of Wyoming Mineral Company. Under the above statute, Wyoming Mineral was not responsible for application of the proceeds of the check, and thus it becomes immaterial that the check was mailed to the wrong address. Hence, summary judgment was properly entered for this defendant.

Claim Against General Insurance Company of America
Gene Clibon caused the plaintiff company to file a prior suit against Morris Replin and Stephen Replin for conversion of certain corporate assets. The board of the company then directed that a claim be filed in that same action against Gene Clibon for receiving and depositing the check in question here to his account. In defending against that claim, Clibon was entitled to the funds because of an asserted indebtedness of the corporation to him. The trial court at the conclusion of the trial of that action held that the checks were not deposited into Gene Clibon's account with any intent to defraud the corporation or permanently to deprive it of its assets. That ruling was not appealed.
In this action, plaintiff's claim for money due and owing against General Insurance Company of American under its fidelity bond is predicated upon alleged fraudulent or dishonest acts of Gene Clibon. But, in light of the unappealed ruling that Gene Clibon's actions vis a vis the Clibon Drilling Company were without intent to permanently deprive the corporation of its assets, we hold, as the trial court did, that the final adjudication, adverse to plaintiff in the first action, operates to bar plaintiff from maintaining a second action to relitigate the same issue. Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396; Murphy v. Northern Colorado Grain Co., 30 Colo.App. 21, 488 P.2d 103.
Judgment affirmed.
PIERCE and KELLY, JJ., concur.