WHEAT STATE SERVICE CORPORATION, a Colorado Corporation; and Richard A. O'Donnell, Plaintiffs–Appellees,

and

Kan–Col Investment Corporation, a Colorado Corporation, Plaintiff,

v.

COLFAX NATIONAL BANK, a national banking association, Defendant–Appellant.

No. 78–1187.

Colorado Court of Appeals, Div. II.

June 12, 1980.

Rehearing Denied July 3, 1980.

Certiorari Denied Oct. 6, 1980.

Fleming, Pattridge, Hacking & Gardner, Conrad E. Gardner, Golden, for plaintiffs–appellees.

Long & Jaudon, P. C., James A. Dierker, Denver, for defendant–appellant.

KELLY, Judge.

Colfax National Bank appeals the judgment, after trial to the court, that the bank negligently transferred funds deposited in the name of Wheat State Service Corporation. We affirm.

Plaintiff Richard O'Donnell shared the financial interest in plaintiff Wheat State Service, a Kansas corporation, with W. L. Woolliscroft. Woolliscroft was a director of Colfax National Bank and had recently resigned as its president when he opened an account with the bank in the name of Wheat State Service by depositing a $90,000 check issued to the corporation.

Based on Woolliscroft's own representation that he was a director and officer of the corporation, and without his producing a resolution of Wheat State's board of directors authorizing him to do so, the bank permitted Woolliscroft to draw on the Wheat State Service account. Woolliscroft proceeded to transfer $80,000 from the Wheat State account to another corporate account opened by him and to disburse the funds from that account.

Section 4–4–103(1), C.R.S. 1973, provides that a bank must exercise ordinary care in its transactions. Colfax National argues, in effect, that, since Woolliscroft was an officer and director of the corporation involved, he had the authority to engage in transactions on its behalf and the bank was not required, as a matter of ordinary care, to seek further authorization for the disbursal of corporate funds. We disagree.

■ The trial court found that the bank's knowledge of Woolliscroft's position in the corporation was based on the representations of Woolliscroft himself and the fact that he possessed a $90,000 check payable to the corporation. The evidence in the record supports the court's conclusion that this was not enough. The court properly found that standard banking practice in Denver required a resolution of the board of directors designating the individuals authorized to draw against a corporate account before disbursing its funds. *See, e. g., J. White &* *R. Summers, Uniform Commercial Code* § 17.2, n.8.

*Colorado Federal Savings & Loan Ass'n v. Beery,* 141 Colo. 45, 347 P.2d 146 (1959), cited by the bank, is distinguishable. *Beery* was decided before the adoption of the standard of ordinary care provided for in the Uniform Commercial Code. Furthermore, unlike here, there was no evidence cited by the court in *Beery* indicating any standard banking practices which had been ignored.

■ The bank also argues that the plaintiffs are precluded from pursuing this action because they delayed two years before filing the complaint and another year before the summons and complaint were served. We disagree. The doctrine of estoppel by reason of delay requires that the bank show that the delay was prejudicial. *Manor Vail Condominium Ass'n v. Town of Vail,* Colo., 604 P.2d 1168 (1980). It made no such showing.

We have reviewed Colfax National's other arguments and find them to be without merit.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.