KANECO OIL & GAS, LTD., II, a limited partnership, Robert W. Johnson and Wayne V. Holmberg, general partners of said limited partnership, jointly and severally, Plaintiffs-Appellants,

v.

UNIVERSITY NATIONAL BANK, now known as First Colorado Bank & Trust, N.A., Defendant-Appellee.

No. 84CA1386.

Colorado Court of Appeals, Div. II.

Dec. 24, 1986.

Gengler & Gengler, Ted J. Gengler, Denver, for plaintiffs-appellants.

Roath & Brega, P.C., David W. Stark, Ira M. Long, Jr., Denver, for defendant-appellee.

SMITH, Judge.

Plaintiffs, Kaneco Oil & Gas, Ltd. II (Kaneco), a limited partnership, and Robert W. Johnson and Wayne Holmberg, its general partners, appeal the judgment of the trial court denying their requests for an injunction and declaratory judgment and awarding defendant, University National Bank (bank), $40,407.50 plus attorney fees and costs on its counterclaims. We affirm.

In the fall of 1980, Holmberg and Johnson formed Kaneco for the purpose of drilling, completing, and operating six oil and gas wells in Colorado and Kansas. Kaneco entered into an operating agreement with Winterhawk, Ltd. (Winterhawk) and was to pay it a management and administration fee based on a percentage of the drilling and completion costs.

To provide adequate funding for the project, Kaneco obtained a loan, secured by letters of credit, from the bank, the same bank in which Winterhawk kept its accounts. At Holmberg's insistence, the loan proceeds were paid directly to Winterhawk by deposit into its general checking account whenever requested by Robert Fullop, president of Winterhawk. The record indicates that a substantial amount of the loan was not used for the Kaneco project as intended but was apparently misappropriated by Fullop.

Meanwhile, Kaneco had some difficulty making interest payments on the loan, and the bank informed Holmberg on March 3, 1982, that it deemed itself insecure because principal and accrued interest were about to exceed the value of the letters of credit which had been deposited as collateral for the loan. Kaneco thereupon commenced this action to enjoin the bank from calling the letters of credit. After Kaneco's motion for a preliminary injunction was denied, the bank called the letters of credit, and after trial obtained judgment on its counterclaims against the partnership and the general partners, jointly and severally for the remaining amount of indebtedness, plus attorney fees and costs.

I.

Plaintiff first argues that the bank breached its duty to act with reasonable commercial care to assure disbursement of loan funds in such a manner as to insure that they would be used for the purposes for which the loan was made.

Section 4–4–103(1), C.R.S. (1986 Cum. Supp.) provides that a bank must exercise ordinary care in its transactions. *See Wheat State Service Corp. v. Colfax National Bank*, 44 Colo.App. 376, 618 P.2d 696 (1980).

Without deciding the question whether the bank had a duty to insure that the loan funds were used for the purposes for which the loan was made, we note that the trial court here found that the bank was not negligent in its dealings with Kaneco and had disbursed the loan funds as directed by Holmberg. The bank had no experience distributing monies concerning oil and gas transactions and its employees made this fact clear to Holmberg. The bank officers suggested that a separate account be established for the loan proceeds, but this offer was refused, and instead Holmberg, both orally and in writing, directed that the bank pay the loan proceeds directly into Winterhawk's general checking account at such times as the funds were requested by Fullop.

Section 15–1–105, C.R.S., provides:

"A person who in good faith pays or transfers to a fiduciary any money or other property which the fiduciary as such is authorized to receive is not responsible for the proper application thereof by the fiduciary; and any right or title acquired from the fiduciary in consideration of such payment or transfer is not invalid in consequence of a misapplication by the fiduciary."

■ Since Kaneco had authorized the bank to transfer the funds to Winterhawk's account, the bank cannot now be held accountable for the subsequent misappropriation of those funds by Kaneco's fiduciary, Winterhawk. *See Clibon Drilling Co. v. Wyoming Mineral Corp.*, 42 Colo.App. 41, 589 P.2d 78 (1978).

## II.

Plaintiff next argues that the bank had knowledge of the fact that Winterhawk had committed a breach of its fiduciary obligations to Kaneco and that, therefore, further payment of loan proceeds to the Winterhawk account was done in bad faith.

Neither party disputes the fact that Fullop, in his capacity as president of Winterhawk, was a fiduciary of Kaneco. *See* § 15–1–103(2), C.R.S.

Section 15–1–109, C.R.S., provides that: "If a deposit is made in a bank to the credit of a fiduciary as such, the bank is authorized to pay the amount of the deposit or any part thereof upon the check of the fiduciary, signed with the name in which such deposit is entered, without being liable to the principal, unless the bank pays the check with actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in drawing the check or with knowledge of such facts that its action in paying the check amounts to bad faith...."

Kaneco contends that the bank became aware on January 2, 1981, that Winterhawk was misusing the loan funds because it accepted monies from the Kaneco loan in payment of a personal loan Winterhawk owed to it. Further, Kaneco contends that the bank was aware that Fullop used its loan proceeds to pay off a debt he owed to the bank, and that he wrongly used the funds to make payment of interest and payment of a loan fee.

However, the record indicates that Winterhawk had taken out loans for the benefit of Kaneco which were to be paid from the subsequent loan Kaneco received and that Winterhawk and Fullop were to receive management and administrative fees from the loan receipts as well. It is therefore unclear from the record whether these specific instances cited by Kaneco were in fact instances in which Winterhawk misappropriated funds.

■ The burden of proof is on the plaintiff to establish actual knowledge and bad faith. *Commercial Savings Bank v. Baum*, 137 Colo. 538, 327 P.2d 743 (1958). We conclude that Kaneco did not meet the burden of showing either knowledge or bad faith on the part of the bank.

## III.

Plaintiffs next argue that since the promissory note to the bank was signed by Kaneco Oil & Gas Co., Ltd. II, by Wayne V. Holmberg in his capacity as general partner, the trial court erred in holding Robert Johnson and Wayne Holmberg jointly and severally liable on the judgment owed to the bank. We disagree.

A general partner of a limited partnership is subject to the same liabilities as is a partner in a partnership without limited partners. Section 7–61–110, C.R.S. (1986 Repl. Vol. 3A). The partners in a partnership are jointly and severally liable for the debts and obligations of the partnership. *Ball v. Carlson*, 641 P.2d 303 (Colo.App.1981); § 7–60–115, C.R.S. (1986 Repl. Vol. 3A). Consequently, the trial court correctly held that both general partners of Kaneco were jointly and severally liable for the judgment debt of the partnership.

## IV.

Plaintiffs' last argument is that the trial court erred in awarding attorney fees in the amount of $22,630.50 to bank. However, since plaintiffs did not provide us with a transcript of the hearing in which this issue was decided, we must presume that the trial court's findings and conclusions on this issue were supported by the evidence. *People v. Morgan*, 199 Colo. 237, 606 P.2d 1296 (1980).

Accordingly, the judgment of the trial court is affirmed.

VAN CISE and TURSI, JJ., concur.