**UNITED STATES of America, Plaintiff,**

v.

**Kenneth H. WINCHELL, Alta Vista Trust Organization, Davis, Graham & Stubbs, John F. and Elizabeth R. Malo, Theodore Zigan, Ronald K. Blatchley, William M. Blatchley, Park County, Colorado, Colorado National Bankshares, Inc., Adams County District Court, Arthur D. McFall, Carpenter & Klatskin, P.C., Meridian Properties, Jack W. Baker, Boettcher & Company, James P. Campbell, Adams County, Colorado, Rite–Form Concrete, Inc. d/b/a Zigan Sand & Gravel, Inc., Ken Stustrich d/b/a Rocky Mountain Crane Services, Mineral Deposits (Americas) Ltd., Petroleum Inc., Krueger Construction Co.,**

**Salt Cay Distributors, London International, Kokanee Corporation, Larson Land Co., Frieco, Uninc., Taraco, Uninc., Union National Bank and Trust of Souderton, E.H. Gifford, M & M Mining Co., Inc., Defendants.**

Civ. A. No. 89–B–1317.

United States District Court,
D. Colorado.

April 30, 1992.

William G. Pharo, Asst. U.S. Atty., Denver, Colo., Mark Fraase, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Kenneth H. Winchell, pro se.

Law Offices of Robert A. Weinberger, P.C., Michael Sutherland, Denver, Colo., for Zigan and Rite–Form.

Jon F. Sands, James J. Dufficy, Bostrom & Sands, P.C., Denver, Colo., for M & M Min., Union Nat. Bank.

Gale T. Miller, Randall Weeks, Jeffrey R. Pilkington, Davis, Graham & Stubbs, Denver, Colo., for Colorado Nat., Malo, Boettcher and Davis Graham.

Larry M. Snyder, Pepper and Rubin, P.C., Denver, Colo., for Blatchleys.

Max A. Minnig, Jr., Willis Carpenter, Carpenter & Klatskin, P.C., Denver, Colo., for Carpenter & Klatskin.

Rick G. Davis, Davis & Ceriani, P.C., Denver, Colo., for Arthur McFall.

Earl H. Johnson, Denver, Colo., for Larson Land.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendants and cross-claimants Colorado National Bankshares, Inc., John F. and Elizabeth R. Malo, Boettcher & Co., Inc., Davis, Graham & Stubbs, Larson Land Co., Inc., and Carpenter and Klaskin, P.C, move for partial summary judgment against defendants and cross-defendants Theodore Zigan, Ronald K. Blatchley, William M. Blatchley, Arthur D. McFall, M & M Mining Co., Inc., and Union National Bank of Souderton. The motion was initially heard by the chief magistrate judge, who recommended on January 21, 1992 that I grant partial summary judgment declaring that the movants have a prior lien on the subject real property. Hearing was held on April 2, 1992 on cross-defendants' objections to the magistrate's recommendation. Because cross-claimants have a prior lien and cross-defendants are not entitled to bona fide purchaser protection, the motion is granted.

This action concerns a priority dispute between various lienholders and subsequent purchasers of real property and water rights originally held by Kenneth Winchell. Winchell acquired real property with water rights in Park County, Colorado in 1963. He conveyed this property in 1979 to the Alta Vista Trust Organization (AVTO). This conveyance was recorded. However,

at the time of that conveyance there was no affidavit of record setting forth the name of the trust and the name and address of all trustees as required by C.R.S. § 38–30–166. No such affidavit was filed until 1983. That affidavit was facially defective in that the person named as trustee and the person signing the affidavit were not the same. In 1985, each of the cross-claimants here obtained judgments against Winchell and recorded judgment liens against Winchell in the Park County clerk's office.

In a 1986 state court action, Theodore Zigan obtained summary and default judgment against Winchell, AVTO, and several other Winchell-created entities. In its written findings of fact and conclusions of law, the Park County district court stated:

> The Court hereby finds ... that Defendants, Taraco, Uninc., Feieco, Uninc., Mutual Co., and Alta Vista Trust Organization, are not entities recognized by the State of Colorado. Said entities, in addition, are used by Winchell merely for the purposes of avoiding Federal and State taxes. Said entities have no existence in fact and were and are alter egos of Winchell.

The court made these findings at the express urging of Zigan, who sought to execute his money judgment on the real property purportedly transferred to AVTO in 1979. Pursuant to the court's order, a series of Sheriff's deeds were executed and recorded in 1987 reflecting a judicial sale of the property to Zigan.

In May, 1987, Zigan deeded to Ronald K. Blatchley and William M. Blatchley the water rights made the subject of the judicial sale. The Blatchley's did not obtain a title opinion and did not search the record for liens. Moreover, they knew that Zigan obtained the water rights in a lawsuit against Winchell and that Winchell, rather than AVTO, was the owner of the rights. Subsequently, McFall, M & M Mining Co., and the Bank of Souderton all acquired interests in the real property. These cross-defendants all knew that Zigan obtained the property through a court action against Winchell. Further, they did not do a record search or obtain a title commitment, but rather relied on an abstract of title prepared at Zigan's direction. This abstract originally listed cross-claimants' liens, but at Zigan's direction the title company removed these entries from the abstract before it was shown to the other cross-defendants.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party bears the initial burden of pointing out the absence of triable issues of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party must then show there are triable issues of fact and present sufficient evidence so that a reasonable jury could find in his favor. *Matsushita Electric Industrial Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate when the court can conclude that no reasonable jury could find for the non-moving party on the basis of the evidence presented in the motion and response. *Id.*

To prevail on their claim for declaratory judgment, cross-claimants must show that their judgment liens against Winchell attached to the subject real property before cross-defendants obtained the interests they claim in the same property. For these liens to attach, cross-claimants must show that Winchell still owned the property despite the 1979 "conveyances" to AVTO. Further, they must show that the cross-defendants are not bona fide purchasers who took without notice of these liens.

The magistrate first found that one of the 1979 deeds to AVTO, the Valley of the Sun deed, was invalid because it was not subscribed by Winchell. However, subsequent evidence reveals that this deed was re-recorded in 1984. The re-recorded deed was properly subscribed and, therefore, this claim of invalidity has no basis in law or fact.

The magistrate next addressed the question whether the 1979 conveyances to AVTO complied with the statutory requirements of C.R.S. § 38–30–166. That section provides:

(1) Upon compliance with the provisions of subsection (2) of this section, a trust or joint venture may acquire, convey, encumber, lease, and otherwise deal with any interest in property in the name of the trust or joint venture set forth in the affidavit required by subsection (2) of this section.

(2) Any trustee of a trust or member of a joint venture may record with the county clerk and recorder of the county in which the interest in property is located an affidavit setting forth the name of the trust or joint venture and the names and addresses of all the trustees or joint venturers who are represented by such name. A new affidavit shall be recorded upon each change....

This statute is clear and unambiguous and, therefore, must be enforced as written. *Oken v. Hammer*, 791 P.2d 9, 12 (Colo. App.1990). Moreover, the statute must be strictly construed because it is in derogation of common law. *Pigford v. People*, 197 Colo. 358, 593 P.2d 354 (1979). Here, it is undisputed that AVTO never filed an adequate affidavit containing the information required by C.R.S. § 38–30–166(2). I conclude as a matter of law that the trust failed to acquire the real property and the 1979 conveyances are null and void.

Although AVTO had never recorded an adequate trust affidavit, the magistrate nevertheless held that the information contained in the deeds satisfied the purpose of C.R.S. § 38–30–166(2). In so holding, he relied on the general rule of liberal construction so as to render titles and deeds marketable and free from technical defects. C.R.S. § 38–34–101. However, the 1979 deeds did not name all the trustees of AVTO nor did it list the address of each trustee. These are not technical defects. Recording the name and address of each trustee allows subsequent title examiners to determine who controls the property, who has authority to convey it, and where those persons can be found. Consistent with this statutory goal is its requirement that a new affidavit be recorded showing any change of trustee. Moreover, if the information required by § 166(2) could be set forth in a conveyancing document itself, then the specific statutory requirement of a separate trust affidavit would be superfluous. The statute is unambiguous and even a liberal construction does not permit me to ignore its plain meaning and effect here. Therefore, I conclude that a liberal construction of C.R.S. § 38–30–166 does not save the 1979 conveyances.

Next, the magistrate addressed the issue of collateral estoppel. The Park County district court action determined that AVTO had no existence in fact. That court also held that AVTO was Winchell's alter ego. Of course, if AVTO does not exist, it cannot hold real property. Thus, if collateral estoppel applies, the 1979 conveyances are also null and void for that reason and cross-claimants' liens would have attached to the property. I agree with the magistrate's conclusion that collateral estoppel bars relitigation of this issue.

I look to Colorado law to determine the preclusive effect of a Colorado state court judgment. 28 U.S.C. § 1738. Collateral estoppel bars relitigation of an issue if: (1) the issue is identical to an issue actually and necessarily adjudicated in a prior proceeding; (2) the party against whom estoppel is asserted was a party or in privity with a party to the prior proceeding; (3) there was a final judgment on the merits; and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Denver v. Consolidated Ditches Co.*, 807 P.2d 23, 32 (Colo.1991); *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973).

By granting summary judgment, the Park County action actually adjudicated AVTO's non-existence in fact. This ruling was necessary to allow Zigan to execute his personal judgment against Winchell on the property that Winchell had purportedly conveyed to AVTO in 1979. Here, the issue is identical—if AVTO has no existence in fact, then the 1979 deeds are null and

void and Winchell remained record owner. As to Zigan, he is clearly estopped from relitigating this question because he was the very party in the prior action who advocated the basis for the Park County district court's judgment.

The application of collateral estoppel as to the other cross-defendants turns on privity. In Colorado, "a privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties...." *Murphy v. Northern Colorado Grain Co.*, 30 Colo.App. 21, 488 P.2d 103, 104 (1971). *Accord, Bankers and Shippers Insurance Co. v. Curtis, Inc.*, 42 Colo.App. 399, 598 P.2d 520, 521 (1979). The judgment need not be *in rem* or directly concern real property for it to have res judicata affect. Rather, the judgment need only *affect* real property for persons who subsequently acquire that property to be bound as privies. *See, Green v. Chaffee Ditch Co.*, 150 Colo. 91, 371 P.2d 775, 779 (1962), (Prior contract action affecting a water right binds persons who subsequently acquire that right).

Here, the Park County district court judgment necessarily "affected" the real property by adjudging AVTO's non-existence and, therefore, record title remained in Winchell. This finding was necessary before Zigan could execute on the subject real property. Therefore, the subsequent owners are in privity with Zigan and are estopped from relitigating AVTO's non-existence.

■ Cross-defendants' contention that the Park County district court's findings that AVTO was non-existent and Winchell's alter ego are so inconsistent as to preclude collateral estoppel is unpersuasive. These findings are simply alternative grounds for the result reached in that action.

Thus, the 1979 conveyances are null and void for two, alternative reasons. AVTO did not comply with the trust affidavit requirements of § 38-30-166 and the cross-defendants are estopped from relitigating the finding that the AVTO did not exist. For either reason, AVTO never took title to the subject real property and Winchell remained record owner. Therefore, the cross-claimants' liens attached to this real property before cross-defendants obtained any interest in it. Unless the cross-defendants are entitled to bona fide purchaser status, these liens have priority.

A purchaser of real property is deemed to have constructive notice of all encumbrances of record. *Arnove v. First Federal Sav. & Loan Ass'n.*, 713 P.2d 1329, 1331 (Colo.App.1985). However, a title examiner is not bound to examine documents outside the chain of title unless a possible irregularity in the chain of title appears in the record. *Nile Valley Sav. & Loan Ass'n v. Security Title Guarantee Corp.*, 813 P.2d 849, 852 (Colo.App.1991).

■ Here, the 1979 conveyances to AVTO would put the cross-claimants' liens against Winchell outside the chain of title. However, because a trust can own real property only if it has recorded a trust affidavit, a title examiner must search the record for such a document before relying on a recorded conveyance to a trust. If a trust affidavit is not found, then the title examiner must conclude that there is a break in the record chain of title, necessitating a search of the record outside that chain. Consequently, cross-defendants here are not bona fide purchasers because they were bound to search outside the record chain of title and, thus, they are deemed to have constructive knowledge of the cross-claimants' liens.

Furthermore, if a purchaser has knowledge from any source of facts sufficient to put him on a duty of inquiry, he is bound to investigate and is charged with the knowledge that would be gleaned from that investigation. *Delta County Land & Cattle Co. v. Talcott*, 17 Colo.App. 316, 68 P. 985, 987 (1902). *See also, Jaramillo v. McLoy*, 263 F.Supp. 870, 876 (D.Colo.1967). Here, all cross-defendants knew that Zigan had obtained title to the property through his lawsuit against Winchell. Also, the sheriff's deeds conveying to Zigan all refer to Winchell as prior record owner. Even the most cursory review of the chain of title would have revealed that Winchell was not record owner of the property when Zigan

obtained title. This discrepancy between the record title and cross-defendants' actual knowledge that Zigan obtained the property through Winchell gave rise to a duty of inquiry.

Cross-defendants, thus, had a duty to investigate outside the record chain of title and they are charged with notice of every fact that such an investigation would have revealed. Here, a reasonable investigation would have revealed cross-claimants' liens. Indeed, three title abstracts prepared for others in 1986 and 1987 listed these liens as potential encumbrances against the property. I conclude that cross-defendants had constructive notice of cross-claimants' judgment liens and they are not entitled to bona fide purchaser status.

■ Lastly, the magistrate was correct in treating the water rights at issue here as real property. Therefore, cross-plaintiffs' liens are also prior to the Blatchleys' water rights.

The magistrate did not address the defenses of laches, waiver, and estoppel. Because I conclude that cross-claimants' liens attached to the real property, they need do no more to perfect their rights. *Atchinson v. City of Englewood,* 193 Colo. 367, 568 P.2d 13, 20 (1977). Likewise, they have not waived their rights, nor have they done anything that would estop them from asserting their rights. *Id.* Consequently, these defenses do not bar summary judgment in favor of cross-claimants.

Accordingly, IT IS ORDERED THAT:

(1) Cross-plaintiffs' motion for summary judgment is GRANTED;

(2) Cross-defendants' motion for summary judgment is DENIED; and,

(3) Judgment shall enter declaring that Colorado National Bankshares, Inc., John F. and Elizabeth R. Malo, Boettcher & Co., Inc., Davis, Graham & Stubbs, Larson Land Co., and Carpenter & Klaskin, P.C. have prior liens on the real property and water rights identified in the complaint.